SAVOY, Judge.
Plaintiff filed the instant suit against J. Lynn Jett and J. L. O’Banion seeking to enforce a lien and privilege for materials placed on certain real property owned by O’Banion, and in the alternative, for a money judgment against O’Banion.
Jett did not file an answer, and a preliminary default was entered against him. *25 O’Banion filed an answer alleging he was the sole owner of the property involved in this suit and denied that plaintiff had a lien on the property or that he had a money claim against him. After trial on the merits, the district judge refused to confirm the default against Jett and dismissed plaintiff’s suit against Jett and O’Banion. Plaintiff has appealed.
The evidence reveals that on July 14, 1967, O’Banion leased a parcel of land situated in Vernon Parish, Louisiana, to Jett. Jett was granted the right to place improvements on said property. At the expiration of the lease all improvements were to remain on the leased property and were to be owned by O’Banion. The leased premises could not be sublet without the consent of O’Banion.
By instrument dated July IS, 1967, designated as “Sublease and Agreement”, Jett and O’Banion sublet to plaintiff, as lessee, a portion of the property originally leased to Jett. Lessee agreed to furnish materials for a building on the leased premises not to exceed $4,000.00. If lessee spent more than $4,000.00 on the building, Jett would repay him out of the proceeds of coin-operated machines to be placed on the premises by lessee and to be operated by Jett.
In the meantime, Jett signed a mortgage and note in favor of plaintiff. The mortgage covered a portion of the land in controversy in the instant suit. Jett, having defaulted on said mortgage, was proceeded against by plaintiff by executory process in suit number 23,030 entitled, “E. W. Holsomback v. Jay Lynn Jett”, Vernon Parish, Louisiana.
After suit was filed, O’Banion had Jett execute the release of the original lease since Jett was in arrears in his rent. O’Banion intervened in suit number 23,030 alleging he was the owner of the property seized. He prayed for and was granted a temporary restraining order, and on the merits, he was decreed to be the owner of the property seized. In his written reasons for judgment, the district judge stated he was not called upon to decide the status of a labor or materialman’s lien. No appeal was perfected, and judgment in 23,030 is final.
The instant suit followed. Since no written contract was executed or recorded in this suit, LSA-R.S. 9:4812 governs. This statute provides, in part:
“When the owner, or his authorized agent, undertakes the work of construction, improvement, repair, erection, or reconstruction, for the account of the owner, for which no contract has been entered into, or when a contract has been entered into but has not been recorded, as and when required, then any person furnishing service or material or performing any labor on the said building or other work may record in the office of the clerk of court or recorder of mortgages in the parish in which the said work is being done or has been done, a copy of his estimate or an affidavit of his claim or any other writing evidencing same, which recordation, if done within sixty days after the date of the last delivery of all material upon the said property or the last performance of all services or labor upon the same, by the said furnisher of material or the said laborer, shall create a privilege upon the building or other structure and upon the land upon which it is situated, in favor of any such person who shall have performed service or labor or delivered material in connection with the said work or improvement, as his interest may appear. * *
The evidence reveals that plaintiff did not furnish labor or material as required by LSA-R.S.' 9:4812. It is true he did pay for some material placed on the premises, but he obligated himself to do this in the sublease agreement mentioned herein. The evidence also reveals that a portion of the money for which he claims a lien was money given to Jett individually by checks. Also, that O’Banion had to pay *26 Powell Lumber Company in excess of $1,-800.00 because of a lien it filed against O’Banion’s property for building materials furnished to the job.
We conclude that the trial judge was correct in not allowing a lien and privilege on the property involved in this litigation.
Plaintiff argues alternatively that if he should fail in his lien demand, he is entitled to a money judgment against O’Ban-ion on the theory of unjust enrichment as provided by LSA-C.C. Article 1965, which article states:
“The equity intended by this rule is . founded in the Christian principle not to do unto others that which we would not wish others should do unto us; and on the moral maxim of the law that no one ought to enrich himself at the expense of another. When the law of the land, and that which the parties have made for themselves by their contract, are silent, courts must apply these principles to determine what ought to be incidents to a contracts, which are required by equity.” (Emphasis theirs.)
In Miller v. Housing Authority of New Orleans, 249 La. 623, 190 So.2d 75, the Supreme Court said:
“ * * * Our Code makes it clear that the equitable doctrine of unjust enrichment can apply only when the parties have not contracted in regard to a matter. Otherwise the contract is the law between them. Civil Code arts. 1963-1965. * *
Since plaintiff entered into a written lease with Jett and O’Banion, LSA-C.C. Article 1965 does not apply, and the lease agreement governs in the instant case. Plaintiff obligated himself to pay for the improvements on the property under lease.
For the reasons assigned, the judgment of the district court is affirmed at appellant’s costs.
Affirmed.