BOUTALL, Judge.
The owners of immovable property sue to remove and cancel a recorded affidavit of lien and privilege against their immovable property under the Private Works Law. The trial judge ordered cancellation and the contractor appeals.
Mr. and Mrs. Floyd A. Sinclair and Mr. and Mrs. Thomas J. Ward were the owners of certain immovable property in the Parish of Jefferson on which they began to build a small shopping center. In the course of that development they entered into a lease with Peter DiMartino for three units of the building, the term commencing August 1, 1978. The agreement between plaintiffs and DiMartino was that plaintiffs would construct the shell of the proposed three units with certain specifications therein conforming to DiMartino’s proposed use as a restaurant and pizza parlor and that DiMartino would complete the basic construction into a finished restaurant for his use and occupancy. It was originally considered between the parties that plaintiffs had the opportunity to contract with DiMartino for the completion of the leasehold improvements, but negotiations broke down and the parties did not arrive at an agreement. Subsequently DiMartino contracted with Waguespack and Associates, Inc., for the completion of the building shell subject to several items which DiMartino agreed to perform himself.
A dispute arose between DiMartino and Waguespack & Associates, Inc., over the execution and completion of their contract resulting in Waguespack & Associates, Inc., filing an affidavit of lien and privilege under the Private Works Statutes, L.S.A.-R.S. 9:4801, et seq.,[1] recorded against the immovable property owned by the plaintiffs. The written agreement between Wagues-pack and DiMartino was never recorded. Plaintiffs then filed a suit to cancel and erase the recordation of the affidavit against their property.
The main basis upon which the suit was tried was whether or not Waguespack & Associates, Inc., was acting as a general contractor and therefore under requirement to record its written contract in order to enforce any privileges against the property, See L.S.A.-R.S. 9:4802, or whether Wag-uespack was a sub-contractor whose lien and privilege would arise under the provisions of R.S. 9:4812.
The trial judge considered the evidence and concluded that Waguespack & Associates, Inc., was a general contractor in the project it undertook to complete, relying upon the principles set forth in the case of Executive House Building, Inc., v. Demarest, 248 So.2d 405 (La.App. 4th Cir. 1971). In that case we set out the basis upon which a determination could be made as to whether an undertaker was a “contractor” or a “sub-contractor”. After considering the evidence the trial judge reached a reasonable conclusion that Wag-uespack was a contractor and we cannot say that he is manifestly erroneous or clearly wrong, although other triers of fact may have reached a different conclusion. However, we do not base our conclusion solely on this premise.
*828 We point out that the privilege granted to contractors in R.S. 9:4801 is granted to those contractors with whom the owner or his agent contracts. It is apparent from the evidence that the owner and Waguespack & Associates, Inc., not only did not contract with each other, but were in fact competing with each other for this particular construction. The contract was solely and entirely with the lessee, Peter DiMartino, for the completion of the leasehold improvements, which were the obligation of DiMartino and not the owner. The work thus comes under the provisions of R.S. 9:4811 which sets out the lien and privilege rights of those doing work for a contracting party other than the owners, in this case a lessee. The privileges which arise from such work shall operate only upon whatever right the lessee may have and shall not interfere with the owner’s rights. Under the facts of this case, no privilege can be assessed upon the property of an owner. See Fruge v. Muffoletto, 242 La. 569, 137 So.2d 336 (La.1962); Holsomback v. Jett, 260 So.2d 24 (La.App. 3rd Cir. 1972); Abbeville Lumber Company v. Richard, 350 So.2d 1292 (La.App. 3rd Cir. 1977); and McCulley v. Dublin Construction Company, 234 So.2d 257 (La.App. 4th Cir. 1970). See for comparison Roman v. Zuppardo, 407 So.2d 65 (La.App. 4th Cir. 1981).
We affirm the judgment ordering the cancellation of the affidavits filed by Wag-uespack & Associates, Inc., on July 13,1979, inscribed in Mortgage Office Book 771, folio 655, Parish of Jefferson. All costs are assessed against appellant.
AFFIRMED.

. The contracts and the work done took place in 1978 and 1979, before the revision and renumbering of the Private Works Sections by Act No. 724 of 1981.