HALL, Judge.
This matter is before us on the return to an alternative writ of mandamus issued *197 herein commanding the Respondent Judge either to grant suspensive appeals to the Relators, Robert M. Pennison and James J. Morrison, from his judgment of April 7, 1965 partitioning the community of acquets and gains formerly existing between Ronald J. Pennison and Vera Tooley, his divorced wife, or to show cause to the contrary. In connection with the alternative writ of mandamus we issued certiorari and a stay order staying all proceedings in the Trial Court pending a resolution of this matter.
Relators, Robert M. Pennison and James J. Morrison claim to be creditors of the community formerly existing between Ronald J. Pennison and his divorced wife, Vera Tooley. Relator Pennison has been recognized by this Court as a creditor of the community in the sum of $500.00 (see Pennison v. Pennison, 157 So.2d 628) and claims to be a creditor for an additional $500.00 as shown by the testimony adduced in the partition proceedings. Relator Morrison claims to be a creditor of the community for $3,500.00 attorney’s fees for services rendered the husband, Ronald J. Pennison, in the divorce proceedings prior to the rendition of the judgment of divorce. The amount of these fees was stipulated by the wife’s attorney during the hearing which formed the basis of the judgment of April 7, 1965.
In his judgment of April 7, 1965 the Respondent Judge found that the community estate consisted of two items viz: (a) the sum of $3,492.78 deposited in the Registry of the Civil District Court, representing the net proceeds of the sale of the community real estate, and, (b) a gross indebtedness by the husband, Ronald J. Pennison, to the community amounting to the sum of $11,-130.82. However the Court found that Ronald J. Pennison had “paid or assumed” community debts to the extent of $3,374.81 and allowed this sum as a deduction from the gross amount owed by him to the community, thus reducing his indebtedness to the community to the net sum of $7,756.01.
The Respondent Judge thereupon held that the total net community amounted to $11,248.79 consisting of $3,492.78 on deposit in the Registry of the Court and an indebtedness to the community by Ronald J. Pennison in the net amount of $7,756.01. He then held that each spouse was entitled to one half of the total net community or $5,624.39, and rendered a decree ordering the $3,492.78 deposit in the Registry to be paid to the divorced wife, Vera Tooley Pennison, and granted her in addition thereto a judgment against her divorced husband for $2,131.61 for the balance of the share due her.
Included in the list of community debts found by the Respondent Judge to have been “paid or assumed” by the husband there appears the $500.00 item held by this Court to be due by the community to Relator, Robert M. Pennison. The additional $500.00 claimed by this Relator is not mentioned in the judgment itself but this claim was specifically denied in the Respondent Judge’s “Reasons for Judgment”.
The Respondent Judge denied Relator Morrison’s claim for attorney’s fees against the community by decreeing that “all attorney fees shall be borne by the respective parties hereto.”
Following rendition of the judgment of partition each of the Relators filed petitions praying for permission to intervene in the proceedings and alternatively for suspen-sive appeals from the judgment of April 7, 1965.
Relator, Robert M. Pennison, filed his petition on April 9, 1965. On April 12, 1965 the Respondent Judge, while denying all other relief prayed for, granted to Relator Pennison, a suspensive appeal and fixed the appeal bond at $250.00 in accordance with LSA-C.C.P. Art. 2124(2). However, on April 13, 1965 the Respondeat Judge signed a rule filed on behalf of the divorced wife, Vera Tooley Pennison, ordering Relator Pennison to show cause on April 19, 1965 why his order granting the suspensive appeal should not be recalled and *198 annulled. Subsquent to the issuance of the rule but prior to the scheduled hearing thereon, Relator Morrison filed his $250.00 bond of appeal. On April 19, 1965 after hearing argument on the rule, the Respondent Judge recalled and vacated his order granting a suspensive appeal to Relator Pennison.
Relator Morrison filed his petition to be permitted to intervene and alternatively for a suspensive appeal on April 13, 1965. On April 20, 1965 the Respondent Judge denied the requested order in toto. Both Relators thereupon applied to this Court for writs.
The sole question before us at the present time is whether Relators are entitled to appeal suspensively from the judgment of April 7, 1965.
We are of the opinion that each of them is entitled to a suspensive appeal from that judgment, and we come to this conclusion without the necessity of giving any thought to whether the Respondent Judge was without authority in the case of Relator Pen-nison to recall his order of appeal after the appeal bond had been filed (see LSA-C.C.P. 2088).
While it is true neither of the Relators filed pleadings in the partition proceedings, the record reveals that each of them has a claim as a creditor of the community estate and that each of them is adversely affected by the judgment of partition.
Article 2086 of the Code of Civil Procedure reads as follows:
“Art. 2086. Right of third person to appeal
“A person who could have intervened in the trial court may appeal, whether or not any other appeal has been taken.”
Manifestly each of the Relators could have intervened in the partition proceedings which necessarily encompassed the fixing of the community debts.
We express no opinion as to the validity or amount of Relators’ claims.
For the foregoing reasons it is ordered that the alternative writ of mandamus issued herein be made peremptory and oc-cordingly the Respondent Judge is directed and required forthwith to grant to each Relator a suspensive appeal from the judgment herein rendered by him on April 7, 1965, and to fix the bond of appeal to be furnished by each Relator, such bonds to be filed within fifteen (15) days from the granting of the appeals. It is further ordered that, during the interim, all further proceedings in the Civil District Court for the Parish of Orleans in this matter are stayed.
Mandamus made peremptory with stay order.