PER CURIAM.
Appellant James J. Morrison has filed an application for rehearing contending: (1) under the Louisiana Supreme Court case of Thigpen v. Thigpen, 231 La. 206, 91 So.2d 12, applicant, in his own right as a creditor of the community, has a valid claim against the community for his attorney’s fees; and (2) Thigpen is contrary to our statement that the only instances (we have been able to find) in the jurisprudence of the Supreme Court in which the community was required to pay the attorney’s fees of the husband are those in which the attorney’s fees for the wife were also paid out of the community. Neither contention is correct.
As we understand Thigpen, even though the body of the opinion does contain a statement to the effect that the trial court judgment awarded “defendant’s attorneys a fee of $1,000 to be charged against the community assets”, which portion of the judgment was affirmed, it is clear that the defendant’s attorneys were not parties to the suit and did not make claim for their fees in their own right; the husband was the only litigant who could have made the claim. The only parties to the suit were plaintiff, the wife, and three defendants, the husband, his son and an association, which association was dismissed from the suit prior to the conclusion of the trial. The wife appealed from the trial court judgment and the husband answered the appeal.
As to the second contention, while the decree of Thigpen did award a fee for the husband’s attorneys to be charged against the community assets, the wife had been granted an award against the husband for *746 her attorney’s fees in the prior judgment decreeing a separation from bed and hoard. The opinion points out that the award to the wife was incorrect in that it had been made against the defendant personally and should ha^e been charged only against the community but, as the separation suit judgment had become final, the error could not be corrected in the cited case. We note that Thigpen affirmed an award of $1,000 for the husband’s attorneys’ fees and that the corresponding award to the wife in the separation suit was in the smaller amount of $700, so that the husband alone actually paid $700 as an attorney’s fee for the wife’s counsel and the wife alone actually paid $500 (her Yi of the community) as an attorney’s fee for the husband’s counsel. Thus, insofar as it was possible, Thigpen is in line with, and not contrary to, the cases cited in our opinion holding that the community was required to pay the attorney’s fees of the husband where the wife’s attorneys were also paid out of the community. The court was being as fair to both husband and wife as the circumstances permitted.
In passing, we note that in his application for rehearing Mr. Morrison has attacked as being “totally incorrect” that sentence in our opinion which reads: “The reasons for these exceptions have no application to the husband; as head and master of the community he controls the community funds and can pay his attorney without court order.” He points out that the husband in the instant case was under an injunction prohibiting him from disbursing community funds. It is true, of course, that payment in any case legally cannot be made in violation of an injunction. But it is obvious from a reading of the opinion that the sentence in question has no reference to the instant case. It was part of a discussion of the general law, the exceptions thereto insofar as the same apply to the wife, the reasons for those exceptions and the reasons why the same ordinarily have no application to the husband. The husband can pay his attorney with community funds, without a court order in the absence of an injunction or after a final judgment in a separation or divorce suit refusing to grant the separation or divorce. In the latter case the community is not dissolved, if an injunction previously has been issued it is no longer of any effect, and the husband can pay his attorney with community funds.
We do find some merit in the application for rehearing filed by appellant Robert M. Pennison. This appellant, who has been judicially recognized as a creditor of the community in the amount of $500, alleges he has not been paid that amount and claims the same should be paid out of the community funds on deposit with the Clerk of the District Court. The question was not argued before us, nor is it mentioned in any brief filed by appellants in connection with this appeal.
However, we now note for the first time that incorporated in the short appellant brief is a reference to their breif filed in this court when the matter was before us on the return to an alternative writ of mandamus involving the question of whether or not an appeal should be granted (176 So.2d 196). In the latter brief appellant did raise this issue. And as we have not considered the question, we are of the opinion that a limited rehearing should be granted.
Accordingly, the application for rehearing filed by appellant James J. Morrison is refused and the application for rehearing filed by appellant Robert M. Pennison is granted but limited to the question of whether the $500 judgment he now holds against the community has been satisfied and, if not, whether the same should be paid out of the community assets on deposit with the Clerk of the District Court.
Application of James J. Morrison refused; limited rehearing granted to Robert M. Pennison.