195 So.2d 276

Vera TOOLEY, divorced wife of
Ronald J. PENNISON

v.

Ronald J. PENNISON.

No. 48228.

Feb. 20, 1967.

Meunier, Martin & Meunier, Marcel J. Meunier, Jr., Richard J. Meunier, New Orleans, for appellant.

James J. Morrison, New Orleans, for appellee.

SUMMERS, Justice.

Writs were granted to consider whether, in a judicial partition and liquidation of the community estate formerly existing between a divorced husband and wife, it was error for the court to assign the claim of a creditor of the community for collection against one of the spouses alone and thereby deny to the creditor the right to collect from the general assets of the community.

We hold that in a judicial partition and liquidation of the community estate the

1. La.App., 157 So.2d 628; 245 La. 585, 159 So.2d 290; La.App., 169 So.2d 233; La.App., 176 So.2d 196; La.App., 185 So.

court may not relegate a creditor of the community to the collection of his claim against only one of the divorced spouses.

This case comes to us on the application of Vera Tooley Pennison, the wife in this protracted litigation which had its inception in a suit instituted by her for separation from bed and board on September 14, 1961.[1]

The husband, Ronald J. Pennison, filed exceptions and then answered, denying the wife's entitlement to the relief she sought. The husband then reconvened, demanding an absolute divorce because of the wife's adultery. On June 1, 1962 the wife's petition was dismissed, and a decree of divorce was rendered in favor of the husband.

In the judgment of divorce, the court recognized that the community was indebted to Robert M. Pennison, the husband's father, for $500 advanced by the father to the community—the claim of the father having been asserted as a debt of the community by the husband during the course of the litigation which culminated in the divorce decree we have mentioned.

Thereafter an effort was made to amicably partition the community estate, but this attempt failed for the parties were unable to agree. A judicial partition was then commenced wherein certain assets of the community were sold at public auction from which the sum of $3,492.78 was realized.

2d 532; La.App., 187 So.2d 745; 249 La. 587, 187 So.2d 747.

That amount was deposited in the registry of the court.

On April 7, 1965 a judgment was rendered effecting a judicial partition of the community estate. Therein the court recognized that the community estate, having a total value of $11,248.79, consisted solely of certain indebtedness of the husband to the community and the sum of $3,492.78 in the registry of the court. The $3,492.78 was ordered paid to the wife, and the court decreed that the $500 claim of the father, Robert M. Pennison, was "due by" the husband, Ronald J. Pennison, alone.

Although the father had not, until then, been a party to the proceedings, when the judgment of April 7, 1965 relegated him to the collection of his claim against the divorced husband alone, he appealed the judgment to the Fourth Circuit. In that appeal he contended that he was entitled to be paid from the assets of the community—particularly the $3,492.78 then in *custodia legis*—before any portion of those assets were delivered to either of the divorced spouses; and he further contended that he could not be relegated to the husband alone for the collection of his claim. Neither the husband nor the wife appealed; but the wife resists the appeal, contending the judgment of April 7, 1965 is correct as rendered.

After a proceeding in which the father's right to appeal was contested, the Court of Appeal maintained his right to do so.

The Court of Appeal then sustained the contention of the father, permitting him to collect his claim as a creditor of the community against the assets of the community estate and holding that he could not be made to look to the husband alone for its satisfaction. 185 So.2d 532. The application of the wife for writs then followed. We granted writs, and we now affirm the judgment of the Court of Appeal with modifications.

■ Debts contracted during the marriage enter into the partnership or community of gains and must be acquitted out of the community funds. La. Civil Code art. 2403. The court may not, therefore, relegate a creditor of the community to the collection of his claim against one of the spouses alone and free the community estate from the claims of community creditors. La. Civil Code art. 2409. For the same reason the court in a judicial partition may not, as was done here, order assets of the community delivered to one of the divorced spouses free of the claims of community creditors. See Pennison v. Pennison, 249 La. 587, 187 So.2d 747, 751 (1966).

■ In her application to this court for writs, the wife urged most strenuously that error was committed by the Court of Appeal when the father, Robert M. Pennison, was permitted to intervene and appeal from the trial court judgment of April 7, 1965 in the partition proceeding. He had no

right to appeal, she argues, because he was not a party to the proceedings prior to the judgment complained of.

The issue of the father's right to appeal has been foreclosed by a judgment adjudicating that very question. See Pennison v. Pennison, 176 So.2d 196 (La.App.1965). As the Court of Appeal pointed out in that judgment, which has long since become final, the Code of Civil Procedure permits just such an appeal when it declares: "A person who could have intervened in the trial court may appeal, whether or not any other appeal has been taken." La.Code Civ.Proc. art. 2086.

Thus in the instant matter, as a creditor of the community, Robert M. Pennison could have intervened in the trial court to assert his claim. But during the trial court proceedings his claim was recognized as a debt of the community; and it was not necessary for him to intervene, for he could not thereby improve his position. However, when the decree of April 7, 1965 erroneously relegated him to the collection of his claim against the husband alone, an appeal was the procedure available to him under our law to have the erroneous judgment corrected. The action taken is authorized by Article 2086 of the Code of Civil Procedure.

The wife's application to this court further represented that she was deprived of an opportunity to defend against the father's claim; there was no proof introduced to support the claim; no hearing was had in a trial court where witnesses could be presented, receipts for payment of the claim filed or other defensive measures taken. She asserts that the claim was filed for the first time in the appellate court. To a great extent these representations prompted us to grant review.

None of these representations are correct. Evidence concerning the advance of $500 by the father to the community was produced during the trial leading to the divorce decree rendered on June 1, 1962. The witnesses to this fact, Robert M. Pennison and Ronald J. Pennison, were cross-examined at length on the subject by counsel for the wife. As a result of this evidence, the court recognized the claim as a debt of the community in its judgment of divorce dated June 1, 1965.

Again, on April 7, 1965 the claim was recognized when judgment was rendered in the judicial partition proceeding, the recognition of the claim being predicated upon the judgment of June 1, 1965. Even if we were not satisfied that the claim is properly supported as a community debt, the wife has not appealed from the judgment of April 7, 1965, and she cannot now assert the invalidity of a claim recognized in that judgment. The only appeal before us is by the father who is a creditor of the community. And that appeal seeks only to alter the judgment insofar as it relegates the community creditor to the

collection of his claim against the husband alone. Not having appealed, the wife can only resist the appeal of the father. She cannot at this time rehash the question of whether the advance by the father is a debt of the community.

Reference is made in the application for writs and in briefs before us to another claim of $500 by the father, Robert M. Pennison, against the community. This latter claim is founded upon a note dated December 7, 1960. At a hearing on March 30, 1965 preceding the judgment of April 7, 1965 (and not on intervention in the Court of Appeal as the wife represents), both Ronald J. Pennison and his father contended that this note had been given to the father "only a week or two ago." The trial court and the Court of Appeal both rejected this claim. Only a total of $500 was found to be due Robert M. Pennison, being the claim recognized—as we have noted—in the judgment of divorce dated June 1, 1962, long before the second claim for $500 was asserted.

We agree with these latter holdings and deny the claim founded on the note of December 7, 1960.

Since the record suggests that other community debts exist, which may necessitate proration, justice requires that we not order the husband's claim paid from the cash in the registry of the court as prayed for. Rather, we will remand the case for further proceedings consistent with the views herein expressed. See Pennison v. Pennison, 249 La. 587, 187 So.2d 747 (1966).

For the reasons assigned, the case is remanded to the Civil District Court for the parish of Orleans for further proceedings according to law and consistent with the views herein expressed. Costs of the appeal and costs in this court to be borne by Vera Tooley Pennison. All other costs shall await the final disposition of the case.

HAWTHORNE, J., concurs with written reasons.

McCALEB, J., recused.

HAWTHORNE, Justice (concurring).

This case was previously before this court on a writ granted on February 4, 1966, to review the decision of the Court of Appeal on original hearing rendered on November 2, 1965. See (La.App.) 185 So.2d 532; 249 La. 587, 187 So.2d 747. I dissented in the case because I disagreed with the decision of this court reversing the Court of Appeal's judgment that the husband's attorney's fees should not be paid out of the community funds under the particular facts of the case. We have before us here the judgment of the Court of Appeal rendered on rehearing, April 4, 1966, and this review involves another facet of the

same case, that is, an entirely different claim against the community; and I agree with this court's opinion on this aspect of the case.