FORET, Judge.
This case involves a dispute over the characterization of a certain sum of money, to-wit, $12,300. By Judgment of the Fifteenth Judicial District Court dated September 4, 1973, this particular sum of money was recognized as part of the community of acquets and gains existing between Gay-la Smith and James David Smith. The sum of $12,300 was paid to Mr. Smith as a bonus payment by his employer, Piggly-Wiggly Company of Bunkie, Inc. After much litigation contesting the community property designation of other items in the September 4, 1973, judgment,[1] the Piggly-Wiggly Bunkie Company, Inc., filed a claim in the amount of $9,249.12 with the notary effecting the partition, Mr. Marcus Broussard, Jr. This claim represented an alleged expenditure of corporate funds belonging to Pig-gly-Wiggly Bunkie Co., Inc. to purchase certain community property items for Gayla Smith and James David Smith. The claim was listed in the proces verbal by the notary and in the Judgment of the Fifteenth Judicial District Court dated May 6, 1976, which Judgment states in pertinent part:
“. . . IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the NINE THOUSAND TWO HUNDRED FORTY-NINE AND 12/100 ($9,249.12) DOLLARS listed as a claim by Piggly-Wiggly Bunkie Co., Inc. be deposited into the Registry of Court . . .”
Despite the wording of the judgment, plaintiff filed a motion for a “Writ of Mandamus” directed to Irby Hebert, Clerk of Court, Fifteenth Judicial District Court, for issuance of one-half the amount previously ordered deposited into the Registry of Court by the May 6, 1976, judgment, representing said sum in the motion as “a portion of the hereinabove mentioned bonus payment”. Believing the allegations to be correct, the trial judge signed an ex parte order directing the payment of one-half the proceeds to the plaintiff, Gayla Smith. Despite the interest of Piggly-Wiggly Bunkie Co., Inc. in the matter, plaintiff gave no notice to Piggly-Wiggly Bunkie Co., Inc. nor to James David Smith. Upon learning of the plaintiff’s action, Piggly-Wiggly Bunkie Co., Inc., on July 7, 1976, filed a “Motion to Recall the Writ of Mandamus”, which set forth the status of Piggly-Wiggly Bunkie Co., Inc. as a community creditor and certain pertinent facts surrounding the amount in dispute. On September 7, 1976, a hearing was held in the Fifteenth Judicial District Court, at which time all parties presented arguments concerning the nature of the $9,249.12. After the hearing, the trial court took the matter under advisement and rendered judgment on September 16, 1976, recalling the Writ of Mandamus and ordering the return of the proceeds to the Registry of the Court. Plaintiff appeals, and has filed an exception of no cause of action with this Court.
Appellant Smith contends that the proceeding employed by Piggly-Wiggly herein constitutes a collateral attack upon the judgment of partition dated September 4, 1973, inasmuch as the bonus was a community asset and as appellant was a partner of that community, she was automatically and immediately entitled to one-half thereof; and further, that as Piggly-Wiggly was neither a judgment creditor nor a lien or mortgage holder, it had no right to seize the assets of the community.
*202 The issue in this case is not whether Piggly-Wiggly is mounting a collateral attack on a partition judgment, but whether a community creditor has a right to be recognized and protected in a judgment homolo-gating a partition of community property.
Unquestionably, a community creditor has a right to be paid out of the community funds. Louisiana Civil Code Article 2403 reads as follows:
“Article 2403. In the same manner, the debts contracted during the marriage enter into the partnership or community of gains, and must be acquitted out of the common fund, whilst the debts of both husband and wife, anterior to the marriage, must be acquitted out of their own personal and individual effects.”
In Tooley v. Pennison, 250 La. 303, 195 So.2d 276 (1967), the community creditor who was not a judgment creditor or a lien-holder was recognized in the trial court as a community creditor, but was relegated by order of the trial court to pursue an individual spouse for collection of his claim. In remanding the case for payment of the claim from general assets of the community, the Louisiana Supreme Court stated:
“Debts contracted during the marriage enter into the partnership or community of gains and must be acquitted out of the community funds. La.Civil Code art. 2403. The court may not, therefore, relegate a creditor of the community to the collection of his claim against one of the spouses alone and free the community estate from the claims of community creditors. La.Civil Code art. 2409. For the same reason the Court in a judicial partition may not, as was done here, order assets of the community delivered to one of the divorced spouses free of the claims of community creditors. See Pen-nison v. Pennison, 249 La. 587, 187 So.2d 747, 751 (1966).”
Pennison v. Pennison, supra, stated:
“The wife's claim to one-half of the community is subordinate to the claims of community creditors. The creditors must be satisfied before final distribution of the assets. Fundamentally, the existence of community gains is determinable only after the community debts have been paid. LSA-C.C. Arts. 2403, 2409; Daigre v. Daigre, 230 La. 472, 89 So.2d 41; De-moruelle v. Allen, 218 La. 603, 50 So.2d 208; Tomme v. Tomme, 174 La. 123, 139 So. 901; 25 Louisiana Law Review 224-226.”
There is no indication, in the record before us, that the claim of Piggly-Wiggly has been paid, settled, dismissed, or otherwise ruled upon by a court of law. Until the claim of Piggly-Wiggly is disposed of, it remains a potential obligation of the community of acquets and gains existing between the parties. Therefore, the amount which Piggly-Wiggly claims should remain in the Registry of the Court pending final disposition thereof. See also Thompson v. Vance, 110 La. 26, 34 So. 112 (1903).
We find no merit to appellant’s argument that the proceedings filed by Piggly-Wiggly are a collateral attack upon the judgment of partition of September 4, 1973. There were two orders by which the assets of this community were partitioned, one by partition in kind and the other by partition by licitation. Each of these orders of partition involved different items of community property and are not in conflict with each other, and we conclude that the trial court properly ordered the deposit of the amount claimed by Piggly-Wiggly into the Registry of the Court, and further that the trial court was correct in recalling the writ of mandamus which it had previously issued.
The exception of no cause of action filed in this Court by plaintiff-appellant is dismissed for reasons stated above.
For the foregoing reasons, the judgment appealed from is affirmed, and all costs of this appeal are assessed against plaintiff-appellant, Gayla Smith.
AFFIRMED.

. See Smith v. State, 311 So.2d 514 (La.App. 3Cir. 1975).