407 So.2d 65 (1981)
Mario San ROMAN
v.
Mike ZUPPARDO and Anna M. DiPietro.
No. 12044.
Court of Appeal of Louisiana, Fourth Circuit.
November 12, 1981.
*67 Roy S. Lilley, Lea & Lilley, Metairie, for Mario San Roman, plaintiff-appellee.
Emile A. Wagner, III, M. Taylor Darden, William W. Waring, Jr., Milling, Benson, Woodward, Hillyer, Pierson & Miller, New Orleans, for Whitney Nat. Bank in New Orleans, defendant-appellant.
Before SAMUEL, BOUTALL and KLIEBERT, JJ.
BOUTALL, Judge.
This is an appeal of a default judgment by one not a party to the suit. Mario San Roman sued Mike Zuppardo and Anna M. DiPietro seeking recovery for labor done and materials furnished on premises sought to be leased by San Roman, as well as damages. Judgment was rendered in his favor granting a lien and privilege under the Private Works Law and awarding damages. Whitney National Bank of New Orleans, claiming to be the owner of the property against which the lien attached, took an appeal from that portion of the judgment recognizing the lien.
To aid in understanding the background leading to the default judgment appealed from, we relate the following facts: On February 25, 1975, Mario San Roman entered into a lease agreement with Mike Zuppardo, who acted as an agent for Anna M. DiPietro, the owner of the premises. The lease provided that San Roman was to make certain improvements to the premises and the defendants agreed to make certain improvements in the premises to have them ready for occupancy on May 1, 1975. The defendants failed to make the improvements and San Roman was unable to use the premises. On October 27, 1975, an agreement was made between San Roman and Zuppardo that San Roman was to complete the improvements as enumerated in five particulars and that San Roman was to be paid for making those improvements by deducting $300.00 per month from the rental due. It was further proposed that a new lease be entered into, and other obligations be undertaken by both parties, but the parties apparently disagreed or for some unknown reason did not carry out their obligations, and the new lease was never signed, nor does the record disclose that any of the other obligations were undertaken.
As a result, San Roman was forced to file an "Affidavit of Materialman's and Laborer's Lien" in the Jefferson Parish Mortgage Office against the property owned by DiPietro. This affidavit was corrected by an act of correction executed on January 22, 1976, and recorded on January 23, 1976. San Roman then filed suit on January 7, 1977, claiming damages, cost of improvement to the premises and recognition of his lien against the property. Service was made upon DiPietro who failed to answer, and a judgment of preliminary default was confirmed on June 13, 1980, in the amount of $24,982.15 for labor and materials furnished and recognition of the materialman's and laborer's lien and privilege against the property of DiPietro. The judgment also provided for damages but that is not at issue here.
Whitney National Bank of New Orleans, claiming to be the purchaser of the property at a Sheriff's Sale on April 9, 1980, held at a result of foreclosure proceedings in the case entitled "Whitney National Bank of New Orleans against Anna M. DiPietro," No. 232,346, Twenty Fourth Judicial District Court, then entered these proceedings for the first time by filing a petition for appeal on August 21, 1980. In that petition, Whitney recited the facts of its ownership and that the judgment recognized a privilege in the amount of $24,982.15 against that same property and, as a result of those facts alleged that it had an interest in the matter within the meaning of Article 1091 of the Louisiana Code of Civil Procedure and is thus entitled to appeal under C.C.P. Article 2086. The timeliness of this appeal has been previously decided by this court.
The first issues to be considered are two exceptions, one of no right of action and one of no cause of action filed by the appellee contesting Whitney's right of appeal.
The first exception filed was the exception of no cause of action based upon *68 the fact that in its petition for appeal Whitney had failed to state that it was "an aggrieved party." Code of Civil Procedure Article 2086 simply provides that a person who could have intervened in the trial court may appeal, and Article 1091 defines which third person may intervene. The codal requirement is that the third party have an interest to enforce a right related to or connected with the object of the pending action. Clearly, an allegation that Whitney is the owner of the immovable property and that the judgment recognized a materialman and laborer's lien against that property in the amount of nearly $25,000.00 discloses sufficient interest. Appellee refers us to the cases of Lesseigne v. Cedar Grove Realty Co., Inc., 150 La. 641, 91 So. 136 (La.1922) and Andrus v. Police Jury of the Parish of Lafayette, 266 So.2d 535 (La. App.3rd Cir. 1972) which he contends stand for the requirement that the petition for appeal contain the words "aggrieved party." His interpretation is simply incorrect. The exception of no cause of action is overruled.
The second exception filed was the peremptory exception of no right of action because Whitney has "acquiesced to the judgment in that it did nothing to prevent the default from being entered." The exception is frivolous. Whitney was not a party to the suit prior to its intervention by way of appeal. We have only to refer appellee to the Andrus case which he cites in support of his exception of no cause of action for a discussion on acquiescence. The exception of no right of action is overruled.
We now turn to the merits of the appeal.
The basic issue is that there was a lessor-lessee relationship between the parties to the default judgment in existence during at least part of the renovations which are the subject of the suit. Appellant contends that the work was done by San Roman for his own purposes as a lessee of the premises, and that no lien and privilege can be lodged against the owner's property. L.R.S. 9:4811 makes it plain that any privilege which arises out of work done by the lessee for his account shall operate only upon whatever right the lessee may have to use the land as lessee. Appellant further refers us to the cases of Fruge v. Muffoletto, 242 La. 569, 137 So.2d 336 (La. 1962) and Holsomback v. Jett, 260 So.2d 24 (La.App.3rd Cir. 1972) as further support for the proposition that no privilege could be assessed upon the property of an owner.
We agree with the proposition that when the lessee does or causes to be done the work as lessee only, no privilege can extend to the land itself. We distinguish those cases from the facts in this case where the improvements were made for the account of the lessor. L.R.S. 9:4801 provides in general for a privilege for labor and materials against immovable property, and L.R.S. 9:4812 provides for the situation where no contract has been recorded. Section 4812 states in pertinent part: "When the owner, or his authorized agent, undertakes the work of construction, improvement, repair, erection or reconstruction, for the account of the owner, * * * then any person furnishing service or material or performing any labor on the said building * * * may record * * * an affidavit of his claim * * * which recordation * * * shall create a privilege upon the building or other structure and upon the land upon which it is situated, in favor of any such person who shall have performed service or labor or delivered material in connection with the said work or improvement, as his interest may appear."
Although the agreement between the parties was originally a regular commercial lease in which certain improvements were to be made by the lessee for his account, when tenancy under that lease was impossible because of lack of performance by the lessor, the new agreement was entered into between the lessee and the agent for the owner which cancelled that lease and proposed a new lease be executed. That agreement specifically provided that the original lease was cancelled, and that San Roman was to do five specific projects of construction and reconstruction for *69 which he was to be paid by the owner by deducting $300.00 per month from the rental due under the new proposed lease. That agreement makes it plain that the work was for the account of the owner and that the owner was to pay the price therefor. Any labor or materials furnished under that agreement would come under the lien and privilege established in L.R.S. 9:4812.
The next issue that arises is, of course, whether the amount sued for comes under the privilege. The judgment appealed was a default judgment and comes under the provisions of C.C.P.Art. 1702. The judgment must be confirmed by proof of the demand sufficient to establish a prima facie case. The evidence offered in proof was the testimony of San Roman and some documents, and we conclude that the evidence offered is insufficient to support the judgment appealed from. San Roman testified simply that he did make improvements, that the labor and materials that he put into the buildings are based upon receipts which he offered into evidence for a total of $24,892.15, that he had a lot more but didn't have the receipts, and that he filed his lien accordingly. Despite the fact that his testimony does not specify that the receipts were for the labor and materials that he put into the building under the second agreement, it would appear from the sequence of his testimony that his testimony would so indicate, and although it is sketchy, nevertheless it could constitute a prima facie case. However, in viewing those receipts, we note that there are no receipts or other statements which would support the claim of labor furnished by him in the amount of $8,100.23. There is only a document marked "Exhibit A" amongst the receipts which simply lists all of the receipts for labor and materials furnished by others, together with the amount of each one and at the bottom thereof is simply included "M. San Roman 8100.23" which when added to the other receipts makes a total of $24,892.15. We cannot conclude that this simple listing on the total, when considered with the statement of the witness mentioned above is sufficient proof of the demand for that amount.
The jurisprudence construing C.C.P. Article 1702 holds that in confirming a default the plaintiff must prove all of the essential allegations of his petition as fully as if they had been specifically denied. See Carboline Co. v. Hymel, 335 So.2d 45 (La.App.4th Cir. 1976); Holland v. Aetna Life and Casualty Insurance Company, 385 So.2d 316 (La. App.1st Cir. 1980); Jones v. Ledet, 383 So.2d 1308 (La.App.3rd Cir. 1980). A consideration of the evidence in this case demonstrates that this plaintiff has failed to carry that burden and his evidence is insufficient to prove all of his claim under the lien and privilege. Accordingly, we set aside that portion of the judgment appealed, and we remand the matter to the trial court in order to permit further proof of plaintiff's right to a privilege upon the immovable property, or such other proceedings as may be appropriate herein.
That portion of the judgment which decrees as follows:
"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein recognizing the privilege on the property known as Lots D and C in Square 42 Shrewsbury Subdivision bearing municipal number 3508 21st Street Metairie, Louisiana as described in Materialman's and Laborer's Lien as recorded in MOB 669 folio 638 and Act of Correction Entry Number 706022 recorded January 23, 1976, of the Jefferson Parish, Louisiana records in the amount of TWENTY FOUR THOUSAND EIGHT HUNDRED NINETY TWO AND 15/100 ($24,982.15)[*] DOLLARS, with legal interest thereon from date of judicial demand until paid."
is set aside and this matter is remanded to the trial court for further proceedings in accordance with the views expressed herein. Costs of this appeal to await a final determination of assessment of costs by the trial court.
SET ASIDE AND REMANDED.
NOTES
[*] The amount written out is correct.