437 So.2d 999 (1983)
Donald H. BRADLEY, Plaintiff-Appellee,
v.
CENTRAL LOUISIANA ELECTRIC COMPANY, INC., Defendants-Appellants.
No. 83-494.
Court of Appeal of Louisiana, Third Circuit.
September 27, 1983.
*1000 Robert H. Schmolke, Baton Rouge, for plaintiff-appellee.
Provosty, Sadler & deLaunay, Albin A. Provosty, Trimble, Randow, Percy, Wilson & Foote, James T. Trimble, Jr. and Lon P. Wilson, Alexandria, Patrick J. Brine, Lafayette, for defendants-appellants.
Stafford, Stewart & Potter, Grove Stafford, Jr., Alexandria, Watson, Murchison, Crews, Arthur & Corkern, William P. Crews, Natchitoches, Gist, Methvin, Hughes & Munsterman, John Munsterman, Alexandria, for defendant-appellee.
Before GUIDRY, STOKER and LABORDE, JJ.
LABORDE, Judge.

MOTION TO DISMISS
The third party defendant-appellee, Insured Lloyds, moves to dismiss the appeal of the third party defendant-appellant, Buford Perron d/b/a Perron Insurance Agency, Inc., on the grounds that Perron is not a party and that the judgment is final.
Lloyds issued a Manufacturer's and Contractor's Liability Policy naming Evangeline Cable Television, Inc. (Evangeline) as the insured for a period from August 28, 1980, to August 28, 1981. Perron was the insurance agent representing Evangeline in procuring the policy of insurance from Lloyds.
Donald H. Bradley and Roy J. Piper allegedly received electrocution injuries while placing or removing cable television lines belonging to Evangeline on utility poles belonging to Central Louisiana Electric Company, Inc., (CLECO). Evangeline and CLECO entered into a Pole Rental Agreement Contract on October 24, 1978. Said contract entitled Evangeline to use certain utility poles belonging to CLECO and included an indemnification and hold harmless agreement.
Piper and Bradley instituted this action against CLECO claiming that a crossarm was defective and that CLECO was liable for their injuries. CLECO filed a third party demand against Evangeline and Lloyds seeking reimbursement under the indemnification clause of the Pole Rental Agreement Contract. Lloyds answered the third party demand filed by CLECO denying coverage for contractual assumed liability. Evangeline filed a separate third party demand against Lloyds seeking to obtain contractual liability coverage for the indemnification. Lloyds answered the third party demand filed by Evangeline denying coverage under the Manufacturer's and Contractor's Liability policy issued by Lloyds. Evangeline further filed a separate third party claim against Perron alleging that if Lloyds is not liable, then Perron is liable for failing to insure that such coverage was placed.
Lloyds filed a Motion for Summary Judgment against CLECO and Evangeline seeking dismissal of their third party demands. On October 1, 1982, the trial court dismissed the third party demands of Evangeline and CLECO against Lloyds. Neither CLECO nor Evangeline took an appeal of the trial court's judgment. Perron devolutively appealed said judgment.
Lloyds filed a motion to dismiss this appeal contending that the judgment was final and conclusive, therefore nonappealable. Lloyds argues that the judgment was an incidental action between Lloyds, Evangeline and CLECO only. Further, Lloyds argues that since Evangeline and CLECO did not appeal that the judgment is final and that it should be dismissed as a party to this appeal. We disagree.
A person who could have intervened in the trial court may appeal, whether or not any other appeal has been taken. LSA C.C.P. Art. 2086. The sole object of an appeal is to give an aggrieved party to a suit recourse to a superior tribunal for the *1001 correction of a judgment of an inferior court, and such right is extended not only to the parties to the suit in which the judgment is rendered, but also to a third party when such party is allegedly aggrieved by the judgment. Any one aggrieved by the judgment of a trial court has the right to appeal, unless he has acquiesced therein, or is otherwise deprived of that remedy. Emmons v. Agricultural Insurance Company, 158 So.2d 594 (La.1963).
In the present matter, Evangeline filed a third party demand against Perron alleging that if Lloyds is not liable then Perron is liable. It is evident that Perron has an interest in the trial court's dismissal of Evangeline's third party demand against Lloyds.
For the foregoing reasons, the motion to dismiss is denied at mover's, Insured Lloyds, costs.
MOTION DENIED.