479 So.2d 32 (1985)
HONEYWELL, INC.
v.
Joseph BERNSTEIN.
No. CA-3303.
Court of Appeal of Louisiana, Fourth Circuit.
November 14, 1985.
*33 David Pick, David Greenberg, Greenberg & Dallam, Gretna, for plaintiff-appellee Honeywell, Inc.
Joseph Bernstein, New Orleans, for defendant-appellant Joseph Bernstein, and as a partner of Bernstein-Wiener Partnership In Commendum, and all members of the class of similarly situated customers of Honeywell Protection Services, Inc. and/or Honeywell, Inc.
Before KLEES, WARD and WILLIAMS, JJ.
WARD, Judge.
The issue on appeal is whether the reconventional demand in this contract dispute is appropriate for litigation as a class action. The Trial Court ruled that it was not. We affirm.
Honeywell, Inc. filed suit against Joseph Bernstein to collect $1,180.78 allegedly due under a contract for burglar and fire alarm services. With his answer denying Honeywell's claim, Bernstein asserted a reconventional demand contending that he had a right to bring a class action as representative of all other Honeywell customers who were charged for services they did not receive or who were not permitted to discontinue service after giving notice as required by Honeywell's contract. In response to Bernstein's reconventional demand, Honeywell filed peremptory exceptions of no cause and no right of action and unauthorized use of the class action procedure. The Trial Judge sustained the exceptions *34 and dismissed the reconventional demand. Bernstein appealed.
In the Trial Court and in his appeal, Bernstein alleges the existence of a large class of individuals who, like himself, have entered into a standard alarm installation and service agreement with Honeywell. He further alleges that after he obtains a judgment holding that provisions of Honeywell's agreement violate public policy and antitrust laws, all members of the purported class will have claims against Honeywell for reimbursement of illegal charges. Bernstein argues that a class action is appropriate because it would serve to provide notice of the lawsuit to all class members and would allow awarding of litigation expenses so that a "small consumer" could contest a relatively small claim against a "large national corporation."
We reject Bernstein's contentions because he has failed to establish the elements necessary for the maintenance of a class action.
The class action is a procedural device available only in lawsuits where there is: (1) a class so large that joinder of all members is impractical; (2) parties to the suit who are (a) members of the class and (b) situated to provide adequate representation for absent members of the class; and (3) a common character between the rights of the representative and the absent members of the class. La.C.C.P. arts. 591, 592. In determining the "common character" of the rights in a case before it, a court must consider whether, in light of a number of functional and pragmatic factors affecting both the interests of all parties and of the judicial system, a class action would be more useful than other procedures. Stevens v. Board of Trustees of Police Pension Fund, 309 So.2d 144 (La.1975).
A party seeking to maintain a class action bears the initial burden of establishing the existence of the requisite elements in his lawsuit. Mere conclusory allegations are not sufficient. Dixie Savings Association v. Kinchin, 454 So.2d 356 (La.App. 4th Cir.1984). The record on appeal in this case does not contain a transcript of the hearing on Honeywell's exceptions to the class action; apparently no evidence was presented. The allegations of Bernstein's reconventional demand do not alone establish the requisite elements for a class action.
Bernstein asserts only that "there are many similarly situated customers throughout the United States and perhaps foreign countries." This bare conclusory allegation does not convince us that there are great numbers of potential class members or even that a class in fact exists. Furthermore, there is no proof that Bernstein's dispute with Honeywell shares a common character with the rights of the absent members of the purported class.
Although the merits of the claims Bernstein seeks to assert by way of a class action are not before us in this appeal, we believe those claims are but affirmative defenses to the collection suit. If the reconventional demand asserting those defenses in this case were to be found appropriate for a class action, then virtually any defendant in a suit for collection of money due under a standard contract would also be entitled to invoke a class action. We do not believe such a result was intended by the procedural provision for class actions in Louisiana courts.
A Trial Judge has great discretion in weighing the factors and determining the appropriateness of class action litigation. Bergeron v. Avco Financial Services, 468 So.2d 1250 (La.App. 4th Cir.1985). We find no abuse of that discretion in this case.
AFFIRMED.