517 So.2d 1218 (1987)
Theodore M. HATHEWAY
v.
Helen Waldorf, Wife of Dr. Edward A. JOHN and Dr. Edward A. John.
No. CA-7289.
Court of Appeal of Louisiana, Fourth Circuit.
December 15, 1987.
Writ Denied February 26, 1988.
Charles E. Cabibi, Henrik A. Pontoppidan, Cabibi & Cabibi, New Orleans, for plaintiffHatheway.
*1219 Joseph W. Thomas, Angelique A. Reed, New Orleans, for intervenors-appellants.
Donald A. Hoffman, David F. Bienvenu, Carmouche, Gray & Hoffman, New Orleans, for defendant-appelleeMobil Oil.
Before BARRY, LOBRANO and WARD, JJ.
BARRY, Judge.
Intervenors, Mr. and Mrs. Barry Stamp and Jack Butler, appeal a judgment maintaining exceptions of no right of action to their intervention and improper use of a class action. One of the defendants, Mobil Oil Corporation, filed a Motion to Dismiss the Appeal alleging that the judgment was interlocutory and not final. That motion is denied.
In 1981 Theodore Hatheway purchased property from Dr. and Mrs. Edward John which forms the corner of Mirabeau and Paris Avenues, 4900 Paris Avenue and 1555 Mirabeau Avenue. Underground hydrocarbon contamination was discovered in 1982 and Hatheway filed suit against the vendors alleging damages from the latent and hidden defect. He amended his petition to include Mobile Oil Corporation (third partied by the Johns) which had leased the property, operated a gasoline station, and allowed an underground storage tank to rupture and leak into the soil. Mobile Oil third partied Jacobsen Specialty Service, Inc., which removed the waste oil tank and allegedly emptied its contents into the excavated area.
Mr. and Mrs. Stamps and Jack Butler sought to intervene and establish a class consisting of all other property owners (approximately 30) similarly situated in the entire block bounded by Mirabeau, Paris, Rivera Avenues and Perlita Drive. They alleged that the contaminated soil conditions caused by Mobil Oil and Jacobsen Specialty had an adverse effect on the market value of their property. The original defendants, Dr. and Mrs. John, are not mentioned. Mobil Oil filed exceptions of no right or cause of action and improper use of a class action. The intervenors filed a motion for class certification.
La.C.C.P. Art. 1091 provides:
A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by:
(1) Joining with plaintiff in demanding the same or similar relief against the defendant;
(2) Uniting with defendant in resisting the plaintiff's demand; or
(3) Opposing both plaintiff and defendant.
The right asserted by a third party through intervention must be a justiciable right related to or connected with the principal suit. Official Revision Comment (c) to La.C.C.P. Art. 1091; Gallin v. Travelers Insurance Company, 323 So.2d 908 (La. App. 4th Cir.1975), writ denied 329 So.2d 452 (La.1976).
This court has declared:
We are of the opinion that a `justiciable right' as used in interpreting Article 1091 means the right of a party to seek redress or a remedy against either plaintiff or defendant in the original action or both, and where those parties have a real interest in opposing it. If that right does exist, then in order to intervene it must be so related or connected to the facts or object of the principal action that a judgment on the principal action will have a direct impact on the intervenor's rights. This connexity requirement is essential. (footnote omitted).
Amoco Production Company v. Columbia Gas Transmission Corp., 455 So.2d 1260, 1264 (La.App. 4th Cir.1984), writ denied 459 So.2d 542, 543 (La.1985). See also Banks v. Rattler, 426 So.2d 362 (La.App. 2d Cir. 1983).
Exceptions of no cause of action and no right of action are separate and distinct. No cause of action, inapplicable here, tests the sufficiency of the petition. No right of action, maintained by the trial court, determines whether the party belongs to the *1220 particular class of individuals which has a legally recognized interest in judicially enforcing the right asserted. Northwest Insurance Co. v. Carpenters Dist. Council of New Orleans and Vicinity, 470 So.2d 218 (La.App. 4th Cir.1985); Bellamy v. Garber Bros., Inc., 472 So.2d 194 (La.App. 4th Cir.1985). See also Teachers Retirement System of Louisiana v. Louisiana State Employees' Retirement System, 456 So.2d 594 (La.1984).
The Reasons for Judgment conclude the intervenors' rights are not connected to the facts or object of the principal action so that judgment on that action would directly impact the intervenors' rights. It specifies that the intervenors' claims are not contingent upon the claims of Hatheway and the connexity requirement is not met.
We agree. Hatheway sued his vendors for damages due to a latent and hidden defect. When the Johns third partied Mobil Oil, Hatheway amended his petition to include Mobil Oil which third partied Jacobsen Specialty Service. The intervenors who allege they joined with the plaintiff, Hatheway, have no action against the original defendants, the Johns, the vendors of the property. Their damages, if any, must be collected from Mobil Oil and/or Jacobsen Specialty.
Although the intervenors claim their actions arise from the same transaction or set of facts giving rise to the principal demand, they did not purchase property with soil contamination from hydrocarbon waste. Their claims are against Mobil Oil and Jacobsen Specialty and relate to an adverse effect on the market value of their individual properties which are located at different distances from Hatheway's property which was directly contaminated. Defenses to the original action are not necessarily applicable to intervenors' claims. The exception of no right of action to the intervention was properly maintained.
Since we conclude the attempted intervention was improper, whether class certification was proper need not be considered. Nevertheless, we find no abuse of discretion in the determination that intervenors failed to establish that a class existed with conclusory allegations that 30 (although there are contentions there are 14) property owners within a one block area were similarly affected by the alleged contamination although at different distances. La.C.C.P. Arts. 591-92; McCastle v. Rollins Environmental Services, 456 So.2d 612 (La.1984); Brown v. New Orleans Public Service, Inc., 506 So.2d 621 (La.App. 4th Cir.1987), writ denied 508 So.2d 67 (La. 1987). Honeywell, Inc. v. Bernstein, 479 So.2d 32 (La.App. 4th Cir.1985).
The judgment is affirmed.
AFFIRMED.