536 So.2d 806 (1988)
CHRYSLER FIRST FINANCIAL SERVICES CORP.
v.
ZIA CORPORATION.
No. CA 87 1319.
Court of Appeal of Louisiana, First Circuit.
December 20, 1988.
William T. Adcock, Baton Rouge, for plaintiff-appellee Chrysler First Financial Services Corp.
John R. Olds, Baton Rouge, for intervenor-appellee Bank of the South.
*807 Michael A. Patterson, Baton Rouge, for intervenor-appellant McKinnis, Juban, Bevan, Mullins & Patterson.
Before CARTER, LANIER and LeBLANC, JJ.
LANIER, Judge.
This action commenced as a suit for executory process by Chrysler First Financial Services Corp. (Chrysler) against the ZIA Corporation. Chrysler alleges it is the holder of a first mortgage on Lot 13-A of the Broadmoor Estates, First Filing, in Baton Rouge, Louisiana, owned by ZIA Corporation, and seeks the seizure and sale of this lot. The Bank of the South (South) intervened in these proceedings contending it held a mortgage on Lot 13-A which was executed by ZIA, Inc. after Chrysler obtained its mortgage, Lot 13-A was owned by ZIA, Inc. and not by ZIA Corporation, Chrysler's mortgage was not in the correct name of the record title owner of Lot 13-A and the recordation of this mortgage did not adequately notify third persons, and, accordingly, the South mortgage primed the Chrysler mortgage. The trial court rendered judgment in favor of South.
Subsequently, McKinnis, Juban, Bevan, Mullins and Patterson (McKinnis), a Louisiana partnership, filed a motion and order for a suspensive[1] appeal, which provided as follows:
On motion of McKinnis, Juban, Bevan, Mullins & Patterson, a Louisiana partnership, pursuant to La.Code Civ.Pro. art. 2086, through undersigned counsel, and on suggesting to the court that it wishes to suspensively appeal from the judgment rendered in the above entitled and numbered cause on the 5th day of June, 1987.
A review of the record before us does not show that McKinnis was a party to the proceedings prior to the signing of the trial court judgment.
La.C.C.P. art. 2086 provides as follows: "A person who could have intervened in the trial court may appeal, whether or not any other appeal has been taken." A third person may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto. La.C.C.P. arts. 1091 and 1092. Thus, even though a person was not a party to an action in a trial court, he may take an appeal if he has a right which is sufficiently affected by the judgment in the case. See, for example, Tooley v. Pennison, 250 La. 303, 195 So.2d 276 (1967); Alex v. Heirs of Alex, 479 So.2d 664 (La.App.3rd Cir. 1985); Bradley v. Central Louisiana Electric Company, Inc., 437 So.2d 999 (La. App.3rd Cir.1983); Roman v. Zuppardo, 407 So.2d 65 (La.App. 4th Cir.1981).
A party has a right to intervene in a pending action (or appeal from a judgment therein) if he has a justiciable right related to or connected with the principal suit. Hatheway v. John, 517 So.2d 1218 (La. App.4th Cir.1987), writ denied, 520 So.2d 425 (La.1988). What constitutes a justiciable right is set forth in Amoco Production Company v. Columbia Gas Transmission Corporation, 455 So.2d 1260, 1264 (La. App.4th Cir.), writ denied, 459 So.2d 542 and 543 (La.1984), as follows:
We are of the opinion that a "justiciable right" as used in interpreting Article 1091 means the right of a party to seek redress or a remedy against either plaintiff or defendant in the original action or both, and where those parties have a real interest in opposing it. If that right does exist, then, in order to intervene it must be so related or connected to the facts or object of the principal action that a judgment on the principal action will have a direct impact on the intervenor's rights. This connexity requirement is essential. [Footnote omitted.]
See also P. Martin, Developments in the Law 1984-1985, Mineral Rights, 46 La.L. Rev. 579 (1986).
McKinnis' motion for an appeal fails to state a justiciable right related to or connected with the principal action. Accordingly, on our own motion, we recognize *808 this fact and order McKinnis to show cause why this appeal should not be dismissed.

DECREE
For the foregoing reasons, McKinnis is ordered to show cause, not later than January 13, 1989, why this appeal should not be dismissed for failure to state a justiciable right to appeal. South is ordered to respond to McKinnis' claims not later than January 27, 1989.
SHOW CAUSE ORDER ISSUED.
NOTES
[1] No suspensive appeal bond has been filed in the record before us.