KING, Judge,
concurring in part and dissenting in part.
I concur with the decision of the majority affirming the judgment of the trial court denying Insured Lloyds’ (hereinafter Lloyds) motion for summary judgment seeking dismissal of the third party de *9 mand brought against it by Evangeline Cable Television, Inc. (hereinafter Evangeline).
I dissent from the decision of the majority which reverses the judgment of the trial court and now grants Lloyds’ motion for summary judgment and orders dismissal of the third party demand brought against it by Central Louisiana Electric Company (hereinafter Cleco). I believe that the trial judge was correct in denying the motion for summary judgment because there exists both a genuine issue of fact and law.
La.C.C.P. Article 2082 states that: “Appeal is the exercise of the right of a party to have a judgment of a trial court revised, modified, set aside, or reversed by an appellate court.” In addition, La.C.C.P. Article 2086 provides that a person who is not even a party but “who could have intervened in the trial court may appeal, whether or not any other appeal has been taken.” Thus, Louisiana law clearly contemplates no necessity that a person have a judgment rendered directly against him in order to appeal. Andrade v. Shiers, 516 So.2d 1192 (La.App. 2 Cir.1987). A person who could have intervened in the trial court may appeal whether or not any other appeal has been taken. Thus an intervenor, and a party to the suit, was permitted to appeal a judgment dismissing plaintiffs suit even though plaintiff did not appeal. Neely v. Hollywood Marine, Inc., 530 So.2d 1116 (La.1988). A third party defendant, and a party to the suit, was permitted to appeal a summary judgment dismissing another third party defendant even though the third party plaintiffs did not appeal. Bradley v. Central Louisiana Elec. Co., Inc., 437 So.2d 999 (La.App. 3 Cir.1983). A creditor, not a party to the suit, has been permitted to appeal a decision adverse to its debtor even though no other party appealed. Pennison v. Pennison, 250 La. 303, 195 So.2d 276 (1967). An assignor, not a party to the suit, has been permitted to appeal a judgment in favor of the assignee even though no other party appealed. Mutual Life Insurance Company v. Houchins, 52 La.Ann. 1137, 27 So. 657 (1899). A property owner-lessor, not a party to the suit, has been permitted to appeal a default judgment rendered against its lessee even though no other party appealed. Roman v. Zupparado, 407 So.2d 65 (La.App. 4 Cir.1981). Louisiana jurisprudence is consistent in holding that where a party is “aggrieved” by a judgment he has a right to appeal and that this rule applies even where the party appealing “may be” aggrieved and does not have any direct pecuniary interest in the judgment appealed from. Bossier Bank & Trust Co. v. Fryar, 488 So.2d 428 (La.App. 3 Cir.1986); Andrade v. Skiers, supra; Brock v. Tidewater Construction Company, 318 So.2d 100 (La.App. 3 Cir.1975) and cases cited therein.
Perron clearly had the right to appeal the judgment rendered in favor of Lloyds and against Cleco and Evangeline. We so ruled. Piper v. Central Louisiana Elec. Co., Inc. 437 So.2d 997 (La.App. 3 Cir.1983). Evangeline also clearly had the right to appeal the judgment adverse to it. We so ruled. Piper, supra.
The failure of an appellee to also appeal an adverse judgment when another party appeals or to answer the appeal of the adverse judgment by another party does not procedurally bar an appellate court from considering the judgment appealed from and reversing it. Bond v. Commercial Union Assur. Co., 407 So.2d 401 (La.1981); Succession of Markham, 180 La. 211, 156 So. 225 (1934); Bradley v. Central Louisiana Elec. Co., Inc., supra; State v. Placid Oil Company, 274 So.2d 402 (La.App. 1 Cir.1972). See e.g. Neely v. Hollywood Marine, Inc., supra; Pennison v. Pennison, supra; Mutual Life Insurance Co. v. Houchins, supra; Roman v. Zupparado, supra; and Brock v. Tidewater Construction Company, supra.
It is thus clear that the appeal of Perron, as an interested party, and the appeal of Evangeline, as an aggrieved party, from the summary judgment in favor of Lloyds and against Cleco and Evangeline constituted an appeal of the original summary judgment in favor of Lloyds which was adverse to Evangeline and Cleco. On the appeal this court reversed the summary judgment of the trial court dismissing Lloyds from *10 the third party demands of Cleco and Evangeline and remanded the matter to the trial court for further proceedings. See Piper v. Central Louisiana Elec. Co., Inc., 446 So.2d 939 (La.App. 3 Cir.1984), and Bradley v. Central Louisiana Elec. Co., Inc., 437 So.2d 999 (La.App. 3 Cir.1983), where our judgment states:
“For the above and foregoing reasons the summary judgment of the trial court dismissing Insured Lloyds from the third party demands of CLECO and Evangeline is hereby reversed and the matter is remanded for further proceedings.... ”
Certainly, in view of the jurisprudence cited above, and in view of the clear wording of our judgment on appeal in Piper, supra, there is a genuine issue of fact as to whether the judgment of this court, rendered on Perron’s and Evangeline’s appeal, was only a reversal as to Perron and Evangeline or was also a reversal to Cleco. Such a question of fact should preclude the granting of a Motion for Summary Judgment.
Lloyds neither sought a rehearing nor applied to the Louisiana Supreme Court for writs of certiorari, therefore, the judgment of this court in Piper, supra became final and definitive.
In Scherer v. Chaisson, 508 So.2d 596, 597 (La.App. 3 Cir.1987), writ den., 512 So.2d 1183 (La.1987), we stated:
“Within thirty days of the mailing of notice of rendition of judgment by the Court of Appeal, a party may either apply to the Court of Appeal for a rehearing or apply to the Supreme Court for certiorari. If no application is filed in either court, the judgment of Court of Appeal becomes final and definitive and acquires the authority of the thing adjudged. LSA-C.C.P. Art. 2166. Once the judgment of the Court of Appeal acquires the authority of the thing adjudged, the Court of Appeal loses the power and authority to reverse or modify that judgment. Wheat, Inc. v. Carruth-ers, 439 So.2d 1065 (La.1983).”
The judgment of our court which reversed the summary judgment of Lloyds against the third party demands of Cleco and Evangeline is final and definitive and we are now powerless to review that judgment. Scherer, supra; Wheat, supra.
Certainly for this reason, there is also a genuine question of law as to whether or not the judgment of this court reversing the summary judgment in favor of Lloyds and against Cleco, even if incorrect, is final and definitive and should, as a matter of law, preclude the granting of a Motion for Summary Judgment.
Whether or not the original summary judgment granted in favor of Lloyds was reversed and set aside by the judgment of this court in Piper, supra, as to Cleco, on the appeal of Evangeline and Perron, certainly presents questions of both fact and law which should preclude the granting of a summary judgment as the majority has done.
For these reasons I believe the majority is incorrect in reversing the decision of the trial judge and granting a Motion for Summary Judgment dismissing the third party demand of Cleco against Lloyds.