542 So.2d 87 (1989)
CHRYSLER FIRST FINANCIAL SERVICES CORP.
v.
ZIA CORPORATION.
No. CA 87 1319.
Court of Appeal of Louisiana, First Circuit.
April 11, 1989.
*88 William T. Adcock, Baton Rouge, for plaintiff-appellee Chrysler First Financial Services Corp.
John R. Olds, Baton Rouge, for intervenor-appellee Bank of the South.
Michael A. Patterson, Baton Rouge, for intervenor-appellant McKinnis, Juban, Bevan, Mullins & Patterson.
Before CARTER, LANIER and LeBLANC, JJ.
LANIER, Judge.
This action commenced as a suit for executory process by Chrysler First Financial Services Corp. (Chrysler) against the ZIA Corporation. Chrysler alleges it is the holder of a first mortgage on Lot 13-A of the Broadmoor Estates, First Filing, in Baton Rouge, Louisiana, owned by ZIA Corporation, and seeks the seizure and sale of this lot. The Bank of the South (South) intervened in these proceedings contending it held a mortgage on Lot 13-A which was executed by ZIA, Inc. after Chrysler obtained its mortgage; Lot 13-A was owned by ZIA, Inc. and not by ZIA Corporation; Chrysler's mortgage was not in the correct name of the record title owner of Lot 13-A and the recordation of this mortgage did not adequately notify third persons; and, accordingly, the South mortgage primed the Chrysler mortgage. A hearing was held on South's claim, and the trial court rendered judgment in favor of South. La. C.C.P. art. 2592(7).[1]
Subsequently, McKinnis, Juban, Bevan, Mullins and Patterson (McKinnis), a Louisiana partnership, filed a motion and order for a suspensive[2] appeal, which provided as follows:
On motion of McKinnis, Juban, Bevan, Mullins & Patterson, a Louisiana partnership, pursuant to La.Code Civ.Pro. art. 2086, through undersigned counsel, and on suggesting to the court that it wishes to suspensively appeal from the judgment rendered in the above entitled and numbered cause on the 5th day of June, 1987.
Prior to this time, McKinnis was not a party to these proceedings. Because McKinnis' motion did not show its standing (right of action) to take this appeal, we ordered it to show cause why the appeal should not be dismissed. Chrysler First Financial Services Corp. v. ZIA Corporation, 536 So.2d 806 (La.App. 1st Cir.1988). In response to this order, McKinnis filed with this court a certified copy of a suit filed by Chrysler against McKinnis (and others) which alleges legal malpractice by McKinnis in preparing the Chrysler-ZIA Corporation mortgage. McKinnis contends this document demonstrates that McKinnis has a justiciable right to oppose the actions of Chrysler on appeal and, thus, the right to intervene in this action.

McKINNIS' RIGHT TO APPEAL
La.C.C.P. art. 2086 provides as follows: "A person who could have intervened in the trial court may appeal, whether or not any other appeal has been taken." Pursuant to La.C.C.P. art. 1091 "[a] third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending *89 action...." (Emphasis added.) For example, a person claiming ownership of, or a mortgage or privilege on, property seized may assert his claim by intervention. La. C.C.P. art. 1092. See also Tooley v. Pennison, 250 La. 303, 195 So.2d 276 (1967); Alex v. Heirs of Alex, 479 So.2d 664 (La. App. 3rd Cir.1985); Bradley v. Central Louisiana Electric Company, Inc., 437 So.2d 999 (La.App. 3rd Cir.1983); Roman v. Zuppardo, 407 So.2d 65 (La.App. 4th Cir.1981).
Generally, a party has a right to intervene in a pending action (or appeal from a judgment therein) if he has a justiciable right related to or connected with the principal suit. Hatheway v. John, 517 So.2d 1218 (La.App. 4th Cir.1987), writ denied, 520 So.2d 425 (La.1988). What constitutes a justiciable right is set forth in Amoco Production Company v. Columbia Gas Transmission Corporation, 455 So.2d 1260, 1264 (La.App. 4th Cir.), writ denied, 459 So.2d 542 and 543 (La.1984), as follows:
We are of the opinion that a "justiciable right" as used in interpreting Article 1091 means the right of a party to seek redress or a remedy against either plaintiff or defendant in the original action or both, and where those parties have a real interest in opposing it. If that right does exist, then, in order to intervene it must be so related or connected to the facts or object of the principal action that a judgment on the principal action will have a direct impact on the intervenor's rights. This connexity requirement is essential. [Footnote omitted.]
See also P. Martin, Developments in the Law 1984-1985, Mineral Rights, 46 La.L. Rev. 579 (1986).
The instant case is a suit for executory process. An executory proceeding is an in rem action. First Guaranty Bank, Hammond, Louisiana v. Baton Rouge Petroleum Center, Inc., 529 So.2d 834 (La. 1987) (on rehearing). The objects of an executory process are the seizure and sale of the debtor's property and the distribution of the proceeds of the sale. Thus, the Louisiana Code of Civil Procedure specifically provides for interventions in executory proceedings in La.C.C.P. art. 2643 as follows:
A third person claiming a mortgage or privilege on the property seized in an executory proceeding may assert his right to share in the distribution of the proceeds of the sale of the property by intervention, as provided in Article 1092. The intervention shall be served as provided in Article 1093, and shall be tried summarily.
McKinnis does not claim a mortgage or privilege on Lot 13-A and does not assert a right to share in the proceeds of the sale of Lot 13-A. Thus, McKinnis has shown no right related to or connected with the object of this executory proceeding (which is the seizure and sale of Lot 13-A and the distribution of the proceeds of the sale).
The fact that the trial court's judgment ranking South's mortgage over Chrysler's mortgage could (or did) trigger a malpractice suit by Chrysler against McKinnis does not give McKinnis a right in the object of this executory proceeding. McKinnis' desire to reverse Chrysler's loss in the instant case is obviously related to its defense of Chrysler's legal malpractice action.[3] However, this relationship is not sufficient to give McKinnis standing (a right of action) in this proceeding.
The objection of no right of action (no standing) is raised in the peremptory exception and may be noticed by an appellate court on its own motion. La.C.C.P. art. 927. McKinnis' motion for appeal and response to our show cause order fail to show that it is asserting a right related to or connected with the object of this executory process. Accordingly, we notice ex proprio motu McKinnis' lack of standing (no right of action) to take this appeal and dismiss the appeal.[4]
*90 DECREE
For the foregoing reasons, this appeal is dismissed at McKinnis' cost.
APPEAL DISMISSED.
NOTES
[1] The record before us does not show that Lot 13-A has been sold, even though an order for seizure and sale has been signed.
[2] There is no suspensive appeal bond in the record before us.
[3] We expressly do not rule on whether or not McKinnis can litigate the ranking issue in Chrysler's legal malpractice suit. See La.R.S. 13:4231.
[4] Because South, Chrysler, ZIA Corporation and ZIA, Inc. have not appealed, the trial court's judgment herein is now definitive between them. Query: In this procedural posture, even if McKinnis were allowed to appeal, what relief could we grant McKinnis in a judgment?