COVINGTON, Judge.
This is an appeal by defendant, Shirley Ann Caruthers, from a judgment recognizing the plaintiff, Wheat Incorporated,[1] as the legal owner of certain described immovable property located in Section 11, Township 10 South, Range 14 East, St. Tammany Parish, State of Louisiana.
Wheat Incorporated instituted a petitory action against Shirley Ann Caruthers, who had allegedly taken steps which showed her exertion of an adverse claim against the subject property by exercising adverse possession or occupancy against the plaintiff. In her answer, defendant claimed ownership of the property in question.
Since defendant was allegedly in possession of the property, plaintiff’s suit as a petitory action, to have its title to the property recognized, is proper under the circumstances. However, it appears that one person who is indispensable to the action was not made a party to the'suit. On the trial, Wheat presented evidence of its chain of title. Among the evidence it presented is an instrument purporting to be a deed of the disputed property (or a portion of the property in dispute) to Glynn Caruthers, the husband of the defendant.[2] The defendant presented no rebuttal evidence. She put on no evidence to support her claim of ownership, or of possession.
After the trial, the district court stated in its “Reasons for Judgment” that the plaintiff had carried its requisite burden of proof in the petitory action and was recognized as the owner of the subject property. The trial court then rendered the judgment which is on appeal. No exception of non-joinder of an indispensable party was filed, and the trial court did not raise the issue.
Plaintiff in a petitory action must prove title to the property in question. The burden of proof depends upon whether the defendant is in or out of possession of the disputed property; the burden is more onerous if the defendant is in possession, in which case the plantiff is required to prove its title good against the world. LSA-C.C. art. 531; LSA-C.C.P. art. 3653; Pure Oil Company v. Skinner, 294 So.2d 797 (La.1974); Weaver v. Hailey, 416 So.2d 311 (La.App. 3rd Cir. 1982).
When the plaintiff filed suit against defendant, Shirley Ann Caruthers, it failed to sue her husband, Glynn Caruthers, who the evidence presented by the plaintiff shows to be an indispensable party to the petitory action to establish ownership of property in which Mr. Caruthers appears to be asserting an interest as an owner of record. Both LSA-C.C.P. arts. 645 and 927 provide that failure to join an indispensable party may be noticed by the trial court or the appellate court on its own motion. Saucier v. Hayes Dairy Products, Inc., 373 So.2d 102, 119 (La.1979), on rehearing; Mason v. Nattin, 355 So.2d 44 (La.App. 2nd Cir. 1078).
*1039 Accordingly, we reverse and set aside the judgment recognizing Wheat Incorporated as the legal owner of the disputed property, and remand the case to the district court for joinder of Glynn Caruthers (also referred to in the record as “Samuel Glenn Caruthers”) as a party, and for further proceedings in accordance with law. The appellee, Wheat Incorporated, is cast for costs of this appeal; all other costs are to await final disposition of the case.
REVERSED AND REMANDED.

. Plaintiff is also referred to in the body of the petition and other pleadings, and in one exhibit as “Wheat, Inc.” and “Wheat, Incorporated.”

. There is no documentary evidence in the record establishing that the defendant and her husband are separate in property or establishing their marital status. Mrs. Caruthers testified that they were judicially separated. He did not testify. Their chain of title is not in the record. Mrs. Caruthers testified that title had been given to her husband, and that she had a title from her husband’s parents.