439 So.2d 1065 (1983)
WHEAT INCORPORATED
v.
Shirley Ann CARUTHERS.
No. 83-C-1685.
Supreme Court of Louisiana.
October 18, 1983.

*1066 On Application for Writs
PER CURIAM.
The writ is granted.
In this case the plaintiff instituted a petitory action concerning certain property in St. Tammany Parish, alleging that the defendant, Shirley Ann Caruthers, was in possession. The defendant answered, admitting possession. There was a trial and judgment in favor of the plaintiff.
Defendant appealed. In due course, plaintiff received a judgment and a notice of judgment from the deputy clerk of the court of appeal, as required by Rule 2-17.1 of the Uniform Rules, Courts of Appeal. The deputy clerk certified that the notice had been mailed to counsel for all parties on February 22, 1983.
The date on the court of appeal opinion (certified by the clerk of court to be a true copy) corresponded with the date on the clerk's certificate. The opinion of the court of appeal affirmed the judgment of the district court, decreeing the plaintiff to be the owner of the property involved.
There was no application for rehearing. Shortly after May 23, 1983 plaintiff received another notice of judgment from the court of appeal, signed by the same deputy clerk, certifying that on May 23, 1983 an opinion and notice of judgment were mailed to all counsel, the trial judge and the clerk of the trial court. The opinion attached to that notice of judgment bears the date of February 22, 1983 and the initials of the three judges. That opinion concluded that the judgment of the district court was reversed and set aside, and the case was remanded for the joinder of Glynn Caruthers as a party, and for further proceedings.
Plaintiff filed an application for rehearing on June 20, 1983. That petition for rehearing argued that the judgment in favor of plaintiff, mailed to the plaintiff on February 22, 1983, had become "final and definitive" because neither party had applied for rehearing nor for writs to the Louisiana Supreme Court. The application for rehearing further argued that if the second judgment was "the true judgment," then it was in error.
The rehearing was denied by the court of appeal, 439 So.2d 1098, on June 29, 1983, the same day the notice of the denial of the rehearing was mailed to the parties. A per curiam was attached to the rehearing denial. That per curiam did not reply to plaintiff's complaint that the judgment mailed to it on February 22 had become final.
Within thirty days of the mailing of notice of rendition of judgment by the court of appeal, a party may either apply to the court of appeal for a rehearing or apply to the supreme court for certiorari. If no timely application is filed in either court, the judgment of the court of appeal becomes final and definitive, and acquires the authority of the thing adjudged. C.C.P. 2166.[1] Once the judgment of the court of appeal acquired the authority of the thing adjudged, the court of appeal lost the power and authority to reverse or modify that judgment.
The court of appeal's judgment of February 22, 1982 (which was not initialed by the judges, as is customary) may have been a preliminary draft, or one of two alternative proposals. Whatever the reason for the conflicting opinions, the judgment attached to the notice mailed by the clerk constituted a judgment of the court of appeal, as indicated by the clerk's notice. Furthermore, both parties were apparently satisfied not to seek further review, since neither did so.
Accordingly, the judgment of the court of appeal mailed on May 23, 1983, which appears in the bound volume of 428 So.2d 1037, is of no effect, and the judgment is hereby declared to be null and void.
There is now judgment reinstating the judgment which was mailed out by the court of appeal on February 22, 1983, in which judgment was rendered in favor of *1067 the plaintiff, Wheat Incorporated, and against the defendant, Shirley Ann Caruthers, affirming the judgment of the district court; further there is judgment in favor of the plaintiff, Wheat Incorporated, decreeing that it is the owner of the following described property:
A CERTAIN PARCEL OF LAND, located in Section 11, Township 10 South, Range 14 East, St. Helena Meridian, Louisiana, more particularly described as follows, to-wit:
Commencing at a point described as being West 158.4 feet, thence South 02 degrees 16 minutes West 416.7 feet, thence South 88 degrees 11 minutes West 140.0 feet thence South 02 degrees 16 minutes West 200 feet from the corner common to Sections 1, 2, 11 and 12, Township 10 South, Range 14 East, thence North 02 degrees 16 minutes East, 74.9 feet to the point of beginning which point is marked point "A" in accordance with the survey prepared by Ned R. Wilson, C.E., dated November 3, 1977, from the point of beginning thence run South 02 degrees 16 minutes West, 74.9 feet, thence South 72 degrees 09 minutes West, 144.5 feet, thence South 46 degrees 18 minutes West, 129.1 feet, thence North 61 degrees 29 minutes West, 35.2 feet, to point "B" in accordance with the survey by Ned R. Wilson, C.E., dated November 3, 1977, thence Northeasterly along the Southern bank of an existing canal to the point of beginning, all in accordance with survey by Ned R. Wilson, C.E., dated November 3, 1977.
Being the same property acquired by the plaintiff from Leisure, Inc., by act dated November 1, 1976, before Richard A. Machen, Notary Public, recorded at COB 807, folio 1, and MOB 622, folio 558, in the Conveyance Records and Mortgage Records, respectively, of the Parish of St. Tammany.
The defendant, Shirley Ann Caruthers, is cast with all costs.
NOTES
[1] The amendment of C.C.P. 2166 by Act 451 of 1983 became effective after the events pertinent to this matter.