KNOLL, Judge.
This case was previously before us and the facts will not be repeated herein. See *597 Scherer v. Chaisson, 469 So.2d 510 (La.App. 3rd Cir.1985). When we first heard the case we amended the trial court judgment to limit the liability of State Farm Mutual Insurance Company (State Farm) to Steven J. Scherer (Scherer) on the jury’s $50,000 damage award to $25,000 because State Farm, Scherer’s underinsured motorist carrier, only afforded $25,000 of under-insured motorist coverage. Additionally we credited $5,000 previously paid on the $25,000 judgment and cast State Farm with legal interest thereon from date of judicial demand, until paid. Neither Scherer nor State Farm applied to the Louisiana Supreme Court for writs of certiorari.
Subsequent to the rendition of our judgment, Scherer provoked a rule nisi in the trial court to fix the amount due under our judgment. Scherer contended that State Farm was obligated to pay interest on the entire amount of any judgment therein (in this case $50,000) accruing after entry of the judgment and before the company pays, tenders or deposits that part of the judgment which does not exceed the limit of the company’s liability under the supplemental payments provision of the policy. State Farm opposed Scherer’s rule nisi arguing that even though he was awarded $50,000 damages, the judgment of the Court of Appeal only cast State Farm with legal interest on $25,000, the part of the judgment which does not exceed the limits of its policy. For the following reasons, we affirm.
Within thirty days of the mailing of notice of rendition of judgment by the Court of Appeal, a party may either apply to the Court of Appeal, for a rehearing or apply to the Supreme Court for certiorari. If no application is filed in either court, the judgment of the Court of Appeal, becomes final and definitive and acquires the authority of the thing adjudged. LSA-C.C.P. Art. 2166. Once the judgment of the Court of Appeal acquires the authority of the thing adjudged, the Court of Appeal loses the power and authority to reverse or modify that judgment. Wheat Inc. v. Caruthers, 439 So.2d 1065 (La.1983).
Scherer relies on Doty v. Central Mutual Insurance, 186 So.2d 328 (La.App. 3rd Gir.1966), writ denied, 249 La. 486, 187 So.2d 451 (1966), and Lowery v. Zorn, 184 La. 1054, 168 So. 297 (1936), in support of his position. Nevertheless, we are constrained to conclude that Scherer should have sought a rehearing or writs of certio-rari to resolve this issue because the earlier judgment of this court regarding the limitation of legal interest is final and definitive, and now we are powerless to review that judgment. Wheat, Inc., supra.
The trial court was legally bound by the explicit wording of our prior judgment and its interpretation of our decree was correct.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Scherer.
AFFIRMED.