IpWHIPPLE, Judge.
In this case plaintiffs appeal from a judgment of the trial court dismissing their suit for declaratory judgment, mandamus, and other relief, as abandoned for lack of prosecution.[1] For the following reasons, we reverse and remand.
FACTS AND PROCEDURAL HISTORY
Plaintiffs herein are a group of certified, permanent teachers employed by various school boards in Louisiana. Plaintiffs filed suit on August 3, 1995, against defendants, the State of Louisiana, Through the Department of Education and the Division of Administration of the State of Louisiana, seeking declaratory judgment and mandamus relief, contending they were entitled to additional compensation in the form of a one-time salary supplement/benefit as provided by Section 17 of Act 15 of the 1994 Regular Session of the Legislature. In the suit, plaintiffs alleged that the formula used in calculating the salary supplement for teachers on sabbatical was improper. In response, defendants filed certain exceptions, including an exception raising the objection of prematurity, which exception was granted by the trial court on October 26, 1995. On December 19, 1995, plaintiffs appealed the judgment of the trial court sustaining defendants’ exception of prematurity. On review, this court concluded that the trial court had erred in maintaining the exception and dismissing plaintiffs’ suit. Thus, by judgment dated May 9, 1997, the judgment of the trial court was reversed and the matter was remanded for further proceedings. Girouard v. State, Department of Education, 96-1076 (La.App. 1st Cir.5/9/97), 694 So.2d 1153.
According to the parties, the next step in the prosecution of this case after rendition of judgment on appeal was taken on June 6, 2000, when plaintiffs filed a | amotion to have defendants’ remaining exceptions set for hearing. Defendants, responded by filing a motion and order to dismiss plaintiffs’ case on the basis that it *281 had been abandoned pursuant to LSA-C.C.P. art. 561 as neither party had taken a step in the prosecution or defense of the case in three years. By judgment dated July 20, 2000, the trial court agreed and granted defendants’ motion to dismiss with prejudice, deeming the suit abandoned.
Plaintiffs again appeal, alleging the following error:
The trial court erred in finding that the three year period for abandonment started to run before the court of appeal’s judgment remanding the case to the trial court was final and definitive.
DISCUSSION
In essence, the issue herein is whether the time delays for the three-year abandonment period commenced on the date the opinion of the court of appeal was rendered or on the date that the opinion of the court of appeal became final and definitive pursuant to LSA-C.C.P. art. 2166.
Louisiana Code of Civil Procedure article 561 addresses abandonment and provides in part:
A.(1) An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years ....
Louisiana Code of Civil Procedure article 2166 provides:
A. Within fourteen days of the mailing of the notice of the judgment and opinion of the court of appeal, a party may apply to the court of appeal for a rehearing. Within thirty days of the mailing of the notice of the judgment and opinion of the court of appeal, a party may apply to the supreme court for a writ of certiorari. The judgment of a court of appeal becomes final and definitive if neither an application to the court of appeal for rehearing nor an application to the supreme court for a writ of certiorari is timely filed.
B.If any party files a timely application to the court of appeal for a rehearing, then the time within which any other party may apply to the supreme court for a writ of certiorari shall be extended until thirty days of the mailing of the notice of a denial of rehearing.
LC. If a timely application for rehearing has been filed in the court of appeal and the court of appeal denies the application, the judgment becomes final and definitive unless an application for writ of certiorari to the supreme court is filed within thirty days of the mailing of the notice of a denial of rehearing.
D. If an application for certiorari to the supreme court is timely filed, a judgment of the court of appeal becomes final and definitive when the supreme court denies the application for certiora-ri. The supreme court may stay the execution of the judgment of the court of appeal pending a timely application for certiorari or an appeal to the United States Supreme Court.
(Emphasis added.)
While the parties agree that an action is deemed abandoned if there has been no step in its prosecution or defense in three years, given the facts of this particular case, the parties disagree as to when the three-year period commences.
Plaintiffs assert that pursuant to LSA-C.C.P. art. 2166, the judgment and opinion of the court of appeal did not become “final and definitive” until after the expiration of the fourteen-day period for filing an application for rehearing to the court of appeal and the thirty-day period for filing an application for writ of certiorari to the Supreme Court. Thus, they contend, the three-year abandonment period did not commence until thirty days after this *282 court’s judgment was rendered, i.e., June 9, 1997, rather than May 9, 1997, the date the appellate court opinion was actually rendered. Utilizing these dates, plaintiffs assert that their motion .filed on June 6, 2000, was within the proscribed three-year period for purposes of abandonment.
Defendants, however, contend that plaintiffs failed to avail themselves of the remedies enlisted in LSA-C.C.P. art. 2166 and that consequently, no court other than the trial court had jurisdiction over this case at any point between May 9, 1997 and June 6, 2000. Defendants further argue that plaintiffs were, at all times since May 9, 1997, able to take a step in the prosecution of this case as the proceedings in the trial court were not stayed at any point from May 9, 1997 to 15June 6, 2000. Thus, defendants maintain, the trial court was “revested” with jurisdiction of this case on May 9, 1997, by virtue of the appellate court’s remand and plaintiffs’ suit was abandoned when they filed their motion in the trial court on June 6, 2000, re-setting the other exceptions for trial.
A judgment of the court of appeal is final and definitive if neither an application for rehearing nor an application to the Supreme Court for a writ of certiorari is timely filed. LSA-C.C.P. art. 2166(A); Buckbee v. Aweco, Inc., 626 So.2d 1190 (La.App. 3rd Cir.1993), writ denied, 93-2691 (La.1/13/94), 631 So.2d 1162. Otherwise stated, the judgment of the appellate court does not become final until the passage of the delays set forth in LSA-C.C.P. art. 2166. Stafford Constmction Company, Inc. v. Terrebonne Parish School Board, 612 So.2d 847, 852 (La.App. 1st Cir.1992), writ denied, 614 So.2d 82 (La.1993). It is only in the absence of a timely application for supervisory writs to the Supreme Court that a judgment of the court of appeal becomes final. Coldwell Banker J. Wesley Dowling and Associates Inc., v. City Bank and Trust of Shreveport, 25, 684, p. 2 (La.App. 2nd Cir.3/30/94), 634 So.2d 959, 961. Where the Supreme Court has neither acted upon an application for writs to review an appellate decision nor stayed the proceedings in an appellate court, the appellate court retains jurisdiction of the case. Bankston v. Alexandria Neurosurgical Clinic, 94-693, p. 2 (La.App. 2nd Cir.12/7/94), 659 So.2d 507, 509, writ not considered, 95-0465 (La.4/7/95), 660 So.2d 436.
In Stafford, where abandonment was not specifically at issue, this court nonetheless acknowledged that a judgment of a court of appeal does not become final until the passage of the delays set forth in LSA-C.C.P. art. 2166. As noted in Stafford:
After the appellate court’s decision was handed down on April 10, 1990, the judgment of the appellate court did not become final until the passage of the delays set forth in LSA-C.C.P. art. 2166. Because |fino application for rehearing was filed by the School Board or Acadi-an, the court of appeal judgment did not become final until after May 10, 1990. (Footnote omitted).
Stafford Construction Company, Inc. v. Terrebonne Parish School Board, 612 So.2d at 852.
In Wheat Incorporated v. Caruthers, 439 So.2d 1065 (La.1983), the Louisiana Supreme Court acknowledged that a court of appeal has the authority to modify or reverse its own judgment within thirty days of its rendition, and that it is only after those thirty days have lapsed that the court of appeal loses the power and authority to modify or reverse its judgment. In Wheat, the Supreme Court stated:
Within thirty days of the mailing of notice of rendition of judgment by the court of appeal, a party may either apply to the court of appeal for a rehearing or apply to the supreme court for certiora- *283 ri. If no timely application is filed in either court, the judgment of the court of appeal becomes final and definitive, and acquires the authority of the thing adjudged. C.C.P. 2166. Once the judgment of the court of appeal acquired the authority of the thing adjudged, the court of appeal lost the power and authority to reverse or modify that judgment. (Footnote omitted).
Wheat Incorporated v. Caruthers, 439 So.2d at 1066.
Applying the above precepts of law, it is clear that the judgment rendered by this court on May 9, 1997, did not become final and definitive, nor was this court divested of jurisdiction, until June 9, 1997. Therefore, plaintiffs’ motion filed on June 6, 2000, served as a timely step in the prosecution of the case herein. Had neither party taken any step in the prosecution or defense of this matter, this case would have been abandoned as of June 9, 2000. Thus, we reject defendants’ contentions and find no merit to the argument that plaintiffs were required to take a step in the prosecution of the case in the trial court before the expiration of the delays for seeking rehearing or appeal of this court’s decision.
CONCLUSION
For the above and foregoing reasons, the July 20, 2000 judgment of the trial court is reversed and this matter is remanded to the trial court for further 17proceedings. Costs of this appeal in the amount of $2,238.26 are assessed against defendants, the State of Louisiana, through the Department of Education, and the State of Louisiana, through the Division of Administration.
REVERSED AND REMANDED.

. The individually named plaintiffs are Betty Girouard, Celeste Meaux, Nancy Gingras, Earl Cooper, Nelda Johnson, Carolyn Craft, Robert Beadle, Olive Faye Hansen, Charles Hansen, Ella Rose Bickham, and Barbara Vaughn.