|, GUIDRY, J.,
concurring.
Although I agree with the majority’s decision to grant the application for rehearing and reinstate the appeal, I believe that in order to do so this Court must overrule the decision rendered in Lout v. Bootsy’s Deli, 02-2703 (La.App. 1st Cir.9/26/03), 868 So.2d 26, to the extent that it holds, in a similar case, such a dismissal caused the trial court’s judgment to become final and definitive. A finding that the judgment was final and definitive would mean this court lacked jurisdiction to grant the application for rehearing and reinstate the appeal.
In Lout, the appellant failed to timely file a brief, the clerk’s office issued a notice of abandonment (NOA), a brief was submitted prior to the NOA deadline, but was not filed and was returned as non-compliant, and, accordingly, the appeal was dismissed; appellant then filed an application for rehearing that was granted, and the appeal was reinstated. However, once the appeal was docketed, appellees filed a motion to dismiss, arguing the matter had become final when appellant failed to file a brief and the order of dismissal issued. The Court stated “[w]e agree” and further stated that]¿‘[a]ppellant has failed to meet any of the deadlines set by this court. The appeal is dismissed.”
A judgment that determines the merits in whole or in part is a final judgment. La. C.C.P. art. 1841. An appeal may be taken from a final judgment (and from an interlocutory judgment which may cause irreparable injury). La. C.C.P. art.2083. A judgment of the trial court becomes final and definitive when no timely appeal is taken. State In Interest of R.C., 00-2849 (La.4/20/01), 786 So.2d 708. A judgment of the appellate court becomes final and definitive if neither an application for rehearing nor an application to the Louisiana Supreme Court for a writ of certiorari is timely filed. Girouard v. State ex rel. Department of Education, 00-2114 (La.App. 1st Cir.11/9/01), 807 So.2d 279, writ denied, 01-3227 (La.2/8/02), 809 So.2d 141; see also La. C.C.P. art. 2166(A).
In the instant case, although the judgment at issue is a final judgment, it has not become definitive in light of the timely appeal and the timely application for rehearing. Therefore, this Court has jurisdiction to grant the application for rehearing and entertain the appeal. Accordingly, I would overrule the decision in Lout holding that such an appeal be dismissed because, in essence, the underlying judgment has become final and definitive.
For these reasons, I concur with the majority’s decision to grant the application for rehearing and reinstate the appeal.