# STATE OF LOUISIANA
## COURT OF APPEAL
### FIRST CIRCUIT

## DOCKET NUMBER
## 2025 CA 0500

## SUCCESSION OF
## BARBARA BENTON WILLIAMS

Judgment Rendered: **DEC 2 3 2025**

\* \* \* \* \*

## ON APPEAL FROM THE
## 19TH JUDICIAL DISTRICT COURT, SECTION 25
## EAST BATON ROUGE PARISH, STATE OF LOUISIANA
## DOCKET NUMBER P-109202

## HONORABLE WILSON E. FIELDS, JUDGE PRESIDING

\* \* \* \* \*

Alicia McDowell
Sylvia Taylor
Aspen Steib Murphy
Caroline Russ Minor
LaPlace, Louisiana

Attorneys for Plaintiff-Appellant
John Williams, Jr.

Frank P. Trosclair, Jr.
Charlotte M. Cravins
Charles T. Craven
Opelousas, Louisiana

Attorneys for Defendant-Appellee
Patrick Craven

BEFORE:  McCLENDON, C.J., GREENE and STROMBERG, JJ.

**GREENE, J.**

In this succession proceeding, a decedent's sole adult child appeals a judgment ordering that the decedent's notarial testament be probated. While the appeal was pending, newly-passed legislation changed the statutory form requirements for notarial testaments. The adult child challenges the applicability of the new legislation herein, contending such would unconstitutionally impair his vested rights as the decedent's successor. After review, we vacate the judgment and remand with instructions.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

Barbara Benton Williams, a widow, died on February 27, 2021, leaving an adult son, John Henry Williams, Jr. Before her death, Mrs. Williams executed two purported notarial testaments – one on November 15, 2011 and one on July 29, 2020. Two days after her death, Patrick Craven, a friend and the named executor in the 2020 testament, filed a petition to probate the 2020 testament. In response, Mr. Williams filed an opposition to probate of the 2020 testament under La. C.C.P. art. 2902, contending it was invalid as to form because the attestation clause did not comply with the applicable version of La. C.C. art. 1578, and thus, was null under La. C.C. art. 1573. Mr. Williams also contended that Mrs. Williams lacked testamentary capacity when she executed the 2020 testament because she had dementia.

Eventually, the matter proceeded to a hearing, after which the trial court signed a judgment on December 18, 2023, denying Mr. Williams' opposition to the probate of the 2020 testament and granting Mr. Craven's oral motion for involuntary dismissal for Mr. Williams' purported "failure to prove fraud." On appeal, this Court vacated the December 18, 2023 judgment, finding the trial court legally erred in placing the burden of proof on Mr. Williams and that this legal error interdicted the fact finding process. *Succession of Williams*, 2023-0861 (La. App. 1 Cir. 4/19/24), 389 So.3d 846, 853-54 *(Williams I)*. The *Williams I* Court remanded this matter to the trial court for a new contradictory hearing

---

[1] A more detailed factual and procedural background of this case is set forth in this Court's prior opinion, *Succession of Williams*, 2023-0861 (La. App. 1 Cir. 4/19/24), 389 So.3d 846. Our resolution of the current appeal does not require a full recitation of that background herein.

2

on Mr. Craven's petition to probate the 2020 testament and Mr. Williams' opposition to its probate. *Id.*

On remand, after a hearing on August 1-2, 2024, the trial signed a judgment on October 21, 2024: finding Mrs. Williams' 2020 testament was in authentic form and complied with the formal requirements of Louisiana law; finding Mrs. Williams did not lack testamentary capacity when she executed the 2020 testament; granting Mr. Craven's petition to probate the 2020 testament; and denying Mr. Williams' opposition to its probate. Mr. Williams appeals the adverse judgment.

## ASSIGNMENTS OF ERROR

On appeal, Mr. Williams asserts the following assignments of error:

1.    The trial court legally erred in denying and dismissing Mr. Williams' opposition to the 2020 testament, which is facially invalid.

2.    The trial court legally erred in denying Mr. Williams' oral motion for directed verdict to the probate of the 2020 testament and in granting its admission to probate.

3.    The trial court abused its discretion by denying and dismissing Mr. Williams' opposition to the 2020 testament due to lack of capacity.

4.    The trial court abused its discretion by excluding testimony from witnesses with firsthand knowledge of Mrs. Williams' medical condition and diagnosis.

## DISCUSSION

In his first two assignments of error, Mr. Williams challenges the trial court's findings that Mrs. Williams' 2020 testament was in proper form. To review this issue, we must determine the applicable substantive law governing the form requirements for notarial testaments.

On July 29, 2020, when Mrs. Williams executed the 2020 testament, La. C.C. art. 1576 provided that a notarial testament was one executed in accordance with the formalities of then-applicable La. C.C. arts. 1577 through 1580.1. Pertinent herein are the 2020 versions of La. C.C. arts. 1577 and 1578, which provided:

**Louisiana Civil Code article 1577. Requirements of form**

The notarial testament shall be prepared in writing and dated and shall be executed in the following manner. If the testator knows how to sign his name and to read and is physically able to do both, then:

3

(1) In the presence of a notary and two competent witnesses, the testator shall declare or signify to them that the instrument is his testament and shall sign his name at the end of the testament and on each other separate page.

(2) In the presence of the testator and each other, the notary and the witnesses shall sign the following declaration, or one substantially similar: "In our presence the testator has declared or signified that this instrument is his testament and has signed it at the end and on each other separate page, and in the presence of the testator and each other we have hereunto subscribed our names this _____ day of _____, _____."

### Louisiana Civil Code article 1578. Notarial testament; testator literate and sighted but physically unable to sign

When a testator knows how to sign his name and to read, and is physically able to read but unable to sign his name because of a physical infirmity, the procedure for execution of a notarial testament is as follows:

(1) In the presence of the notary and two competent witnesses, the testator shall declare or signify to them that the instrument is his testament, that he is able to see and read but unable to sign because of a physical infirmity, and shall affix his mark where his signature would otherwise be required; and if he is unable to affix his mark he may direct another person to assist him in affixing a mark, or to sign his name in his place. The other person may be one of the witnesses or the notary.

(2) In the presence of the testator and each other, the notary and the witnesses shall sign the following declaration, or one substantially similar: "In our presence the testator has declared or signified that this is his testament, and that he is able to see and read and knows how to sign his name but is unable to do so because of a physical infirmity; and in our presence he has affixed, or caused to be affixed, his mark or name at the end of the testament and on each other separate page, and in the presence of the testator and each other, we have subscribed our names this _____ day of _____, _____."

Herein, the trial court applied the above version of the law and decided that Mrs. Williams' 2020 testament was in authentic form and complied with the formal requirements of Louisiana law. However, after Mr. Williams appealed the trial court's October 21, 2024 judgment, the legislature passed 2025 La. Acts No. 30, which revised the form requirements for notarial testaments. Generally, the revision changed the law to simplify the execution of notarial testaments in Louisiana. La. C.C. art. 1576 - 2025 Revision Comments – comment (a). Significantly, the revision eliminates the attestation clause as a condition of validity for notarial testaments, eliminates the requirement that the testator sign every page of her testament, and repeals former La. C.C. arts. 1578 and

4

1579, which provided special procedures for testators who were unable to sign or unable to read. *Id.* at 2025 Revision Comments – comments (b), (g), and (h).[2]

Section 4 of Act 30 provides for prospective and retroaction application of its provisions, with the following conditions:

> The provisions of this Act shall apply both prospectively and retroactively and shall be applied to all claims existing and pending on the effective date of this Act and all claims arising or actions filed on and after the effective date of this Act. The provisions of this Act shall not be applied to revive claims prescribed as of the effective date of this Act or **to affect claims adjudicated on the merits by a final and definitive judgment prior to the effective date of this Act.** (Emphasis added).

Herein, as provided in Section 4's first sentence, Mr. Craven's claims were "existing and pending on the effective date" of Act 30 (August 1, 2025), because Mr. Williams' appeal of the October 21, 2024 judgment was pending before this Court. Further, as provided in Section 4's second sentence, Act 30 applies to Mr. Craven's claims, because no "final and definitive judgment" was rendered on the merits of his claims prior to Act 30's effective date. That is, the October 21, 2024 judgment itself was not "final and definitive," because it was timely appealed. *See State in Interest of R.C.*, 2000-2849 (La. 4/20/01), 786 So.2d 708 *(per curiam on rehearing).* Further, as of Act 30's effective date, the appeal was pending before this Court and we had not yet adjudicated the merits of Mr. Craven's claims. Thus, there was likewise no "final and definitive judgment" at the appellate court level. *See* La. C.C.P. art. 2166(A); *Girouard v. State ex rel. Department of Education*, 2000-2114 (La. App. 1 Cir. 11/9/01), 807 So.2d 279, 282, *writ denied,*

---

[2] With Act 30, the legislature repealed La. C.C. arts. 1577 to 1580 and revised La. C.C. art. 1576 to read:

**Louisiana Civil Code article 1576. Notarial testament; requirements of form**

A. The notarial testament shall be prepared in writing, dated, executed before a notary public in the presence of two witnesses, and signed by the testator, each witness, and the notary. If a testator is unable to sign, the testator may affix his mark in place of signing or direct another person to sign on behalf of the testator and in the presence of the testator.

B. The signature may appear anywhere in the testament and is sufficient if it identifies the testator and evidences an intent by the testator to adopt the document as the testator's testament.

C. The date may appear anywhere in the testament, may be clarified by extrinsic evidence, and is sufficient if it resolves those controversies for which the date is relevant.

2025 La. Acts No. 30, §1.

2001-3227 (La. 2/8/02), 809 So.2d 141. So, as provided by Section 4, we are mandated to retroactively apply the provisions of Act 30 to this case.

On appeal, however, Mr. Williams contends we cannot retroactively apply Act 30, because it substantively changes the law and its application would unconstitutionally impair his vested rights as Mrs. Williams' successor.[3] In support of his argument, he cites La. C.C. art. 935, which pertinently provides: "Immediately at the death of the decedent, universal successors acquire ownership of the estate and particular successors acquire ownership of the things bequeathed to them."

Generally, a party challenging the constitutionality of a statute must: raise the issue in the trial court, specially plead the statute's unconstitutionality in a pleading, and particularize the grounds of unconstitutionality. *State v. Overstreet*, 2012-1854 (La. 3/19/13), 111 So.3d 308, 314-16.[4] The purpose of such procedural rules is to afford interested parties sufficient time to brief and prepare arguments challenging or defending the constitutionality of the challenged statute. *See Id.* at 314. However, an appellate court may consider such a challenge raised for the first time on appeal when the statute applicable to the specific case becomes effective after the appeal is lodged and the parties have "fleshed out, pro and con," the various facets of the constitutional issue. *See Unwired Telecom Corporation v. Parish of Calcasieu*, 2003-0732 (La. 1/19/05), 903 So.2d 392, 399, 401 *(on rehearing)*.[5]

We decline to address Mr. Williams' constitutional challenge to Act 30's retroactive application in this case. Although Act 30 became effective after his appeal was lodged, we are unable to fully explore and address Act 30's retroactive applicability on appeal, because the parties have not "fleshed out, pro and con," the "various facets of the

---

[3] Mr. Williams' appellate brief was filed prior to Act 30's effective date; Act 30 was initially raised in Mr. Craven's appellee brief, which was filed after Act 30 was effective; and Mr. Williams addressed the issues raised by Mr. Craven in his reply brief.

[4] For an overview of raising constitutional issues in litigation, *see* Dugas, M., *Procedural Considerations for Raising Constitutional Challenges in Louisiana State Courts*, 72 La. B.J. 238 (December 2024/January 2025).

[5] In *Unwired*, on original hearing, 903 So.2d at 399, the Louisiana Supreme Court found that the party challenging the constitutionality of a statute for the first time on appeal had improperly done so in its appellate brief, rather than in a pleading. On rehearing, the *Unwired* Court determined the failure to raise the issue in a pleading did not preclude consideration of the constitutional issue, because the parties had fleshed out, pro and con, the constitutional issue in their appellate briefs and arguments. *Id.* at 401.

constitutional issue." *See Id.* A trial court, not an appellate court, is the proper forum wherein the constitutionality of a statute should be first addressed. *Vallo v. Gayle Oil Company, Inc.,* 94-1238 (La. 11/30/94), 646 So.2d 859, 864-65. Full briefing and argument provides the trial court with thoughtful and complete arguments as to constitutionality and furnishes reviewing courts with an adequate record upon which to adjudge the statute's constitutionality. *Labranche v. Landry,* 2022-0461 (La. App. 1 Cir. 12/15/22), 357 So.3d 395, 406. Further, when the constitutionality of a statute is challenged, whether before the trial or appellate court, the Louisiana Attorney General is entitled to be heard. *See* La. C.C.P. arts. 855.1, 1845, 1880, and La. R.S. 13:4448.[6]

Therefore, we pretermit consideration of the constitutional issue and remand this matter to the trial court with instructions to allow Mr. Williams the opportunity to specially plead the unconstitutionality of the retroactive application of Act 30 to this case; to allow Mr. Williams to serve the Louisiana Attorney General in accordance with La. C.C.P. art. 1314; to allow Mr. Craven an opportunity to respond; to allow the Louisiana Attorney General thirty days to respond to the allegations or to represent or supervise the State's interest; to decide the constitutionality of retroactive application of Act 30 to this case; and, to then reconsider the merits of the case in its entirety, including all issues raised in Mr. Williams' opposition to probate of the 2020 testament and on appeal. *See* La. C.C.P. art. 855.1; *Labranche,* 357 So.3d at 406. We also pretermit consideration of Mr. Williams' assignments of error numbers three and four.

## CONCLUSION

For the above reasons, we vacate the October 21, 2024 judgment and remand this matter to the trial court with instructions. We assess costs of the appeal one-half to John Henry Williams, Jr. and one-half to Patrick Craven.

**VACATED AND REMANDED WITH INSTRUCTIONS.**

---

[6] Louisiana Code of Civil Procedure articles 855.1 and 1845, and a related amendment to La. C.C.P. art. 1880, became effective on April 29, 2024. *See* 2024 La. Acts, 2nd Ex.Sess., No. 12, §1. Although this civil action was filed in 2021, Mr. Williams first raised his constitutional challenge in his appellate Reply Brief filed in this Court on August 25, 2025.